**Lamar WALLACE, Plaintiff-Appellant,**

v.

**TEXACO, INC., Defendant-Appellee.**

No. 81–3755
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1982.

Donald F. DeBoisBlanc, New Orleans, La., for plaintiff-appellant.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Grady S. Hurley, New Orleans, La., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Plaintiff Lamar Wallace was employed by Automation Associates, Inc. to work on an offshore oil rig platform owned by defendant Texaco, Inc. While Wallace was being lifted in a personnel basket from a crew boat to the platform, the basket fell to the floor of the platform and Wallace was injured. The basket and the crane used to lift it were owned by Texaco, and the operator was a Texaco employee. The injury occurred on February 14, 1980. Wallace filed the instant lawsuit on April 2, 1981.

Because Wallace was injured on a fixed platform on the outer continental shelf, his cause of action is governed by the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.* The law of the adjacent state, including the law of prescription, governs actions under the Act, *Chevron Oil Co. v. Huson*, 404 U.S. 97, 102–103, 92 S.Ct. 349, 353, 30 L.Ed.2d 296 (1971). In this case, the adjacent state is Louisiana. Under Louisiana law, tort actions for personal

injuries are governed by the one year prescriptive period of La.Civ.Code art. 3536. Having realized that his 13½ month delay in filing suit would bar a tort claim, Wallace alleged that Texaco was liable to him for breach of a contract entered into between Texaco and Automation of which he claims to have been a third party beneficiary. Because contract actions are governed by a ten year prescriptive period, La.Civ.Code art. 3544, Wallace's claim is not prescribed if it sounds in contract. The district court found that Wallace was not a third party beneficiary and granted summary judgment in favor of Texaco. Wallace appeals.

Wallace's employer, Automation, contracted with Texaco to provide labor for Texaco's offshore platform. The clause of the contract which Wallace argues confers upon him third party beneficiary status provides:

MATERIALS, EQUIPMENT, FACILITIES, SERVICES, ETC., TO BE FURNISHED BY COMPANY:

Company [Texaco] shall supply the following: Necessary materials and services not ordinarily furnished by Contractor [Automation] for performing the type of work to be performed under this contract.

Texaco operated the crane and personnel basket pursuant to this clause. Wallace contends that the intention of Texaco and Automation in including this clause was to convey a benefit—transportation—to workers such as Wallace thus making him a third party beneficiary.

■ La.Civ.Code arts. 1890 and 1902 govern the rights of third party beneficiaries. In order to qualify as a third party beneficiary, Wallace must establish that the Texaco-Automation contract was a stipulation *pour autrui*; a contract for the benefit of others. A contract is a stipulation *pour autrui* if it clearly reveals that the intent of the contracting parties was to provide a benefit to a third party. *Gateway Barge Line, Inc. v. R. B. Tyler Co.*, 175 So.2d 867 (La.App. 1st Cir. 1965). The benefit to the third party must be more than merely incidental to the contract; it must be part of

the condition or consideration for the contract. *HMC Management Corp. v. New Orleans Basketball Club*, 375 So.2d 700, 708 (La.App. 4th Cir. 1979), *writ denied*, 378 So.2d 1384 (La.1980). The fact that a third party derives a benefit from a contract does not render the contract *pour autrui*. *City of Shreveport v. Gulf Oil Corp.*, 431 F.Supp. 1 (W.D.La.1975), *aff'd*, 551 F.2d 93 (5th Cir. 1977).

■ The Texaco-Automation contract fails as a stipulation *pour autrui* for two reasons. First, the intent of the contracting parties to convey benefits upon workers is far from clear. The contract does not state that Texaco is obligated to transport Automation's employees from the shore to the platform. The clause upon which Wallace relies to establish his status as a third party beneficiary is a vague, catch-all, boiler plate clause. Its interpretation depends upon industry custom. There is no indication that the contracting parties clearly intended to convey the benefit of transportation upon Wallace.

Secondly, any benefits derived by Wallace were merely incidental to the contract and therefore insufficient to establish a stipulation *pour autrui*. The purpose of the contract between Texaco and Automation was to provide labor for Texaco's oil rig. Transportation of Automation employees to and from the rig was merely incidental to that purpose.

We conclude that the Texaco-Automation contract was not a stipulation *pour autrui* conferring third party beneficiary rights upon Wallace. Therefore, he does not have a contractual cause of action. The district court was correct in rendering summary judgment against Wallace because his tort claim was prescribed and his contract claim was legally insufficient. The judgment of the district court is

AFFIRMED.