**William STAPLES, Jimmy Caldwell, and Theorples Robinson, Plaintiffs,**

**v.**

**Warren YOUNG and Michael Traut, Defendants.**

**No. 86–C–756–C.**

United States District Court, W.D. Wisconsin.

Feb. 3, 1988.

William Staples, Jimmy Caldwell and Theorples Robinson, pro se.

Thomas H. Brush, Lee, Johnson, Kilkelly & Nichol, Madison, Wis., for defendants.

## OPINION AND ORDER

CRABB, Chief Judge.

This civil action for injunctive and monetary relief is before the court on defendants' motion to dismiss plaintiff Staples's claim for failure to state a claim. Rule 12(b)(6), Federal Rules of Civil Procedure. Defendants contend that plaintiff Staples has no viable claim for a violation of any constitutional right to due process based on the processing of charges against him as major offenses without a written explanation of the upgrading of the changes, because he possesses no liberty interest in not having his conduct reports upgraded from minor to major violations without an explanation on the record. I conclude that plaintiff Staples does have such a liberty interest, that it derives from the Wisconsin Administrative Code § HSS 303.68(4), and that defendants' motion to dismiss must be denied.

Plaintiffs' complaint contains the allegations that on June 24, 1985, plaintiff Staples was issued conduct report #129359 for fighting and disobeying orders in violation of Wis.Admin.Code §§ HSS 303.17 and 303.24, and that these charges were made into major violations by the security di-

rector with no statement of reasons for the upgrade.

## Opinion

Wisconsin Administrative Code § HSS 303 governs the discipline of inmates. The regulations define a variety of inmate disciplinary violations and establish a scheme of sanctions for those offenses. Section 303.-68(3) lists twelve offenses that always constitute major offenses (e.g. battery, sexual assault, inciting a riot, etc.). Section HSS 303.68(4) provides that any other offense may be treated as either minor or major by determination of the security director. The charges of fighting and disobeying orders made against plaintiff Staples are not included in the twelve offenses automatically classified as major. They were upgraded to major pursuant to § 303.68(4).

Section 303.68(4) was amended in 1985 and became effective May 1, 1985, almost two months before plaintiff Staples received the conduct report at issue here. A prior version of § 303.68(4) was couched in slightly different terms: it did not specify that the security director "shall" consider the listed criteria, only that the director "should" consider the criteria, and it did not include the provision that the director "indicate in the record of disciplinary action the reason for the decision based on these criteria." [1] In its current form, section HSS 303.68(4) reads in full as follows:

An alleged violation of any section other than the ones listed in sub. (3) may be treated as either a major or minor offense. The security director shall decide whether it should be treated as a major

---

1. The prior version, HSS 303.68(3) provided:
An alleged violation of any section other than those identified as major in sub. (2) of this section may be treated as either a major or minor offense. The security director shall decide whether it should be prosecuted as a major or minor offense, if the offense has not been disposed of summarily in accordance with HSS 303.74. To determine whether an alleged violation should be treated as a major or minor offense, *the following criteria should be considered:*
(a) Whether the inmate has previously been found guilty of the same or a similar offense, and how often, and how recently;

(b) Whether the inmate has recently been warned about the same or similar conduct;
(c) Whether the alleged violation created a risk of serious disruption at the institution or in the community;
(d) Whether the alleged violation created a risk of serious injury to another person; and
(e) The value of the property involved, if the alleged violation was actual or attempted damage to property, misuse of property, possession of money, gambling, unauthorized transfer of property, soliciting staff or theft. (Emphasis added).

or minor offense, if the offense has not been disposed of summarily in accordance with HSS 303.74. In deciding whether an alleged violation should be treated as a major or minor offense, *the security director shall consider the following criteria and shall indicate in the record of disciplinary action the reason for the decision based on these criteria:*

(a) Whether the inmate has previously been found guilty of the same or a similar offense, and how often, and how recently;

(b) Whether the inmate has recently been warned about the same or similar conduct;

(c) Whether the alleged violation created a risk of serious disruption at the institution or in the community;

(d) Whether the alleged violation created a risk of serious injury to another person; and

(e) The value of the property involved, if the alleged violation was actual or attempted damage to property, misuse of property, possession of money, gambling, unauthorized transfer of property, soliciting staff or theft.

(April 1985) (emphasis added).

In *Culbert v. Young,* 834 F.2d 624 (7th Cir.1987), the Court of Appeals for the Seventh Circuit held that this prior version of the regulation did not create a liberty interest in having an offense not upgraded to a major offense without a written reason. The court concluded that the regulation established merely a "procedural guideline to channel official discretion but [did] not limit the exercise of that discretion to the listed criteria." *Id.* at 629. The issue raised by defendants' motion to dismiss is whether the changes in the revised version of § 303.68 limit the exercise of the security director's discretion to the listed criteria and thus create a liberty interest.

■ The Fourteenth Amendment prohibits a state from depriving a person of life, liberty or property without due process of law. Whether a person has a liberty interest that comes within the protection of the Fourteenth Amendment is a threshold question. Liberty interests may either originate in the Constitution or be created by state law.

■ It has been established that the Constitution of the United States does not provide a state prison inmate with a liberty interest in having conduct reports processed as minor violations. *Culbert,* 834 F.2d at 628, citing *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.") It is plain that plaintiff has no liberty interest originating in the Constitution that would trigger the procedural protections of the Fourteenth Amendment.

■ The Supreme Court has held repeatedly that state statutes and regulatory measures may create liberty interests that are entitled to the procedural protections of the due process clause. *Hewitt v. Helms,* 459 U.S. 460, 469, 103 S.Ct. 864, 870, 74 L.Ed.2d 675 (1983); *Vitek v. Jones,* 445 U.S. 480, 487, 100 S.Ct. 1254, 1260, 63 L.Ed. 2d 552 (1980); *Shango v. Jurich,* 681 F.2d 1090, 1099 (7th Cir.1982). When a state law is a possible source of a liberty interest, the "analysis involves a search for mutually explicit understandings that support an individual's 'legitimate claim of entitlement' to a benefit." *Shango v. Jurich,* 681 F.2d at 1097; (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)).

■ A state may create a protected liberty interest by placing substantive limitations on official discretion. *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983) (an inmate must show that particularized standards or criteria guide the state's decisionmakers); *Shango v. Jurich,* 681 F.2d at 1099, 1102 (liberty interest may arise if the state conditions an inmate's transfer to another prison on the finding of certain specified

behavior such as misconduct). However, when officials are left with unfettered discretion, no liberty interest is created. *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813; *Meacham v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montayne v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466.

■ In and of itself, an expectation of receiving process is not a liberty interest protected by the due process clause. *Shango v. Jurich,* 681 F.2d at 1101 (a state created procedural right is not itself a liberty interest). (*See Olim v. Wakinekona,* 461 U.S. at 251, 103 S.Ct. at 1748 ("The State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent substantive right. *See Hewitt v. Helms,* 459 U.S. 460, 471, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983)").

■ The test for determining whether a state statute or regulation gives rise to a liberty interest is whether ·the state has used "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed and that [the challenged action of prison authorities] will not occur absent specified substantive predicates...." *Culbert,* 834 F.2d at 628 (quoting *Hewitt,* 459 U.S. at 471–472, 103 S.Ct. at 871 (citation omitted)); *see also Miller v. Henman,* 804 F.2d 421, 424 (7th Cir.1986).

■ In *Culbert,* the court of appeals found that the prior version of Wis.Admin. Code § HSS 303.68 did not meet either part of this two-part test. The regulation provided that the security director "should" consider five specific criteria, but did not *require* him to consider them, *id.* at 628,

and the regulation did not impose substantive predicates on the director's decision.

In contrast to the language used in the Pennsylvania statute at issue in *Hewitt,* which clearly limited the segregation of prisoners to only certain specified circumstances, the language of § HSS 303.68 does not ensure that an offense will not be classified as major unless one of the specified criteria is met. It only suggests that these criteria should be considered. As the *Hewitt* Court noted, the mere creation of a careful procedural structure to regulate the exercise of official discretion does not indicate the existence of a protected liberty interest. *Id.* at 628.[2]

Unlike the prior regulation, the new regulation states that the security director "shall" consider the five criteria and "shall indicate in the record of disciplinary action the reason for the decision based on these criteria." The use of "shall" rather than "should" does limit the security director's discretion. He or she *must* consider the five criteria. Moreover, he or she is required to *base the decision on these criteria.* If, as defendants suggest, the director were required to consider the criteria but were free thereafter to base the decision on considerations other than the five criteria, there would have been no reason for the new regulatory language requiring the director to indicate in the record the reason for the decision "based on these criteria." After all, "based on" means just that. If the drafters had intended to leave the director free to base the decision upon considerations other than the five criteria, they would have required simply a written reason.

The language of § HSS 303.68(4) ensures that an offense will not be classified as major unless one or more of the specified

---

**2.** The *Culbert* decision is somewhat difficult to understand in its implication that the list of five criteria is a "procedural guideline." *Id.* at 628: "section 303.68 establishes a procedural guideline to channel official discretion but does not limit the exercise of that discretion to the listed criteria." Obviously, if the decisionmaker is free to consider any other reason or no reason at all, a list of criteria would not limit the decisionmaker's discretion. However, once the decision-

maker is limited to specific criteria, one must then analyze whether the criteria are substantive predicates. *See Hewitt* 459 U.S. at 472, 103 S.Ct. at 871 ("the need for control" and "the threat of a serious disturbance" are substantive limits on discretion). Because the regulation in *Culbert* did not "impose" the list of criteria upon the decisionmaker, the court did not need to reach the issue whether in fact the list is a list of substantive considerations.

criteria is met. In contrast to the earlier provision, which merely suggested that the criteria should be considered, the current rule requires that these criteria be considered and applied. As in *Hewitt,* the new provision limits the prison official's decision to upgrade an offense to major to "certain specified circumstances." *See Hewitt,* 459 at 472, 103 S.Ct. at 871. In short, the provision does more than merely channel official discretion with procedural guidelines; it limits the exercise of that discretion to the listed criteria.

It is clear that the State of Wisconsin has chosen to limit the permissible bases upon which the security director may decide to elevate an offense from minor to major. Acknowledging that a major penalty represents a major change in the conditions of confinement, the state has provided procedural and substantive guidelines that are more than mere technicalities. The provisions are designed to ensure that in the insulated prison environment, officials treat offenders fairly rather than arbitrarily. By requiring officials to articulate their reasons for a change in the classification of the offense, and by restricting the bases on which such changes may be made, the state is expressing its recognition of the fundamental fairness in treating similarly situated persons similarly, requiring that offenses be upgraded only for specified, proper reasons and not for improper ones.

As I noted in *Staples v. Traut,* 675 F.Supp. 460 (W.D.Wis.1986), the Wisconsin courts view an inmate's right to a statement of reasons as a legitimate claim of entitlement for inmates.

> *See, e.g., State ex rel. Staples v. Department of Health and Social Services,* [128 Wis.2d 531, 384 N.W.2d 363 Ct.App. 1986) ]:
> We have consistently held that the committee's failure to state the reasons underlying its decision and the penalty imposed in a disciplinary proceeding denies a prisoner the minimum guarantees of

due process of law. *State ex rel. Irby v. Israel,* 95 Wis.2d 697, 706–07, 291 N.W.2d 643, 647 (Ct.App.1980). The same considerations apply to the security director's determination to elevate an offense from minor to major. Adjustment segregation, a major penalty, represents a major change in the conditions of confinement, and the possibility of its imposition in a given case demands that the prisoner be afforded due process protections. *Id.* at 704, 291 N.W.2d at 646, citing *Wolff v. McDonnell,* 418 U.S. 539, 571 n. 19 [94 S.Ct. 2963, 2982 n. 19, 41 L.Ed.2d 935] (1974).

[384 N.W.2d at 364.]

Requiring the security director to explain the basis for an upgrade has an additional purpose: it serves to give offenders fair notice of the grounds on which their offense is to be treated more severely than a similar offense by another inmate.[3]

I conclude that Wis.Admin.Code § HSS 303.68(4) creates a liberty interest.

Once a liberty interest is ascertained by reference to state law, "the task of defining the procedural protections which attach to that interest is wholly a matter of federal constitutional law and is accomplished through application of the balancing analysis of *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)." *Shango v. Jurich,* 681 F.2d at 1097–98. In *Robinson v. Young,* 674 F.Supp. 1356 (W.D. Wis.1987) and *Staples v. Traut,* 675 F.Supp. 460 (W.D.Wis.1986), I held that the right to a reasoned decision is illusory unless the decision can be reviewed. At a minimum, federal law requires that the reason for the security director's decision must be stated in the record. Providing the security director's reason for the upgrade disposition in the statement of the disciplinary committee, after the merits of the conduct report have been adjudicated, does not comport with due process. *Robinson v. Young,* at 674 F.Supp. at 1364–65. Similarly, providing memorandum from various officials recommending that con-

---

**3.** The requirement is not an onerous one. On the current conduct report form, revised in April 1985, the § 303.68(4) criteria are set out on the form so that the security director need only check the one on which he is relying for an upgrade. A sample of the form is attached to this opinion.

duct reports be processed as major violations does not constitute a statement of reasons by the security director. *Id.* However, due process is satisfied if the reason is evident from the face of the conduct report.

ORDER

IT IS ORDERED that defendants' motion to dismiss plaintiff Staples's claim is DENIED.

Division of Corrections
DOC-9 (Rev. 4/85)

Administrative Rule
Chapter HSS 303

**ADULT CONDUCT REPORT**

PLEASE PRINT INMATE'S NAME

| Conduct Report Number |
|---|
| **218012** |

| Name - Last | First | MI | Case Number | Inst. Code |
|---|---|---|---|---|
| | | | | |

| Inmate Living Quarters | Location of Incident | Date of Incident (MM/DD/YY) | Time of Incident | 1 ☒ AM  2 ☐ PM |
|---|---|---|---|---|
| 14 | | | | |

| If Person Injured-Specify Status (Staff, Inmate, Visitor) | Contraband Involved ☐Yes ☐No | If Weapon Involved - What None |
|---|---|---|

Rule Allegedly Violated

| Rule Number | Rule | Finding of Guilt Guilty / Not Guilty |
|---|---|---|
| 1  303 ☐ ☐ ☐ | | 1☐  2☐ |
| 2  303 ☐ ☐ ☐ | | 1☐  2☐ |
| 3  303 ☐ ☐ ☐ | | 1☐  2☐ |
| 4  303 ☐ ☐ ☐ | | 1☐  2☐ |

Description of Incident (Include Detailed Facts upon which Charges are based, sources of information, evidence, statement of other staff members and, if appropriate, cell or shop assignment number.)

| Activity at Time of Incident ☐ | Type of Handling ☐ | Signature of staff member completing report  Date completed |
|---|---|---|

**SECURITY DIRECTOR'S REVIEW** (complete only if no summary disposition was made)

| Decision on Conduct Report ☒Proceed ☐Dismiss ☐Return for Investigation | Is Inmate in TLU ☐Yes ☐No | Type of Hearing Procedure ☐ Minor Offense 303.75  ☒Major Offense 303.76 |
|---|---|---|

If a major hearing, indicate why:

☐ The alleged violation is designated as a Major Offense by HSS 303.68(2) **OR**

☐ The inmate has previously been found guilty of the same or a similar offense
  (consideration given to how often and how recently)

☐ The inmate has recently been warned about the same or similar conduct

☒ The alleged violation created a risk of serious disruption at the institution or in the community

☒ The alleged violation created a risk of serious injury to another person

☐ The value of the property involved (if alleged violation was actual or attempted damage and/or misuse of property, possession of money, gambling, unauthorized transfer of property, soliciting staff or theft)

| Signature of Security Director | Date signed |
|---|---|

| Date copy given to Inmate | Time copy given to Inmate | Signature of staff member delivering copy to Inmate |
|---|---|---|

**RECORD OF SUMMARY DISPOSITION**

Summary Disposition

| Shift Supervisor's Signature of Approval | Inmate's Signature of Agreement |
|---|---|

**RECORD OF CONDUCT REPORT DISPOSITION**

| Date of Disposition(MMDDYY) | Disposition (s) |
|---|---|

Referred to Program Review
1☐Yes  2☐No  3☐Not known

☐☐ ☐☐ ☐☐ ☐☐ ☐☐

DISTRIBUTION: Original-Case File; Copy-Off/Inf/Mgt/Operations; Copy-Inmate; Copy-Security Office; Copy-Advocate