960 F.2d 151
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie J. DOBSON, Plaintiff-Appellant,
v.
Warren YOUNG, Darrell A. Kolb, Gary McCaughtry, et al.,
Defendants-Appellees.
 No. 91-1008.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.[1]
Decided April 23, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Willie Dobson filed a lawsuit against various prison officials pursuant to 42 U.S.C. § 1983 citing violations of his Eighth Amendment right to be free from cruel and unusual punishment, as well as of his due process rights guaranteed by the Fourteenth Amendment. The defendants filed a motion to dismiss the Fourteenth Amendment claim, and a motion for summary judgment on the Eighth Amendment claim. The district judge granted defendants' motions. Dobson appeals those decisions. We affirm.
 
 FACTS
 
 2
 Dobson petitioned for leave to proceed in the district court in forma pauperis. The district court granted leave to proceed based on a decision that had recently come from that bench, Staples v. Young, 679 F.Supp. 884 (W.D.Wis.1988). That case acknowledged that Wisconsin Administrative Code § HHS 303 created a liberty interest in inmates having a written explanation of why a minor prison infraction could be upgraded to a major infraction. Dobson filed his complaint relying on Staples. After this point, Dobson's procedural antics are numerous and, for the most part, irrelevant to resolve this appeal. Capsulized, Dobson never responded to either defendants' motion to dismiss or defendants' summary judgment motion. Instead, he filed numerous other motions stating he was being denied access to material necessary to prepare his case. The district court ultimately found these allegations to be unfounded, but nevertheless gave Dobson a total of three extensions of time to respond to the motion to dismiss. In her order denying appointment of counsel, the district court warned Dobson that if he did not oppose the motion to dismiss it would be granted as unopposed. After expiration of the third deadline for Dobson to respond, the court summarily granted the motion to dismiss--nearly five months after it had been filed.
 
 
 3
 Subsequent to that decision, the defendants filed the motion for summary judgment on the Eighth Amendment claim. Dobson's claim of cruel and unusual punishment was based on alleged overheating in an Adjustment-Unit cell in which he was held. As with the motion to dismiss, Dobson did not oppose the summary judgment motion. The district court refused to grant any extensions because Dobson had been provided with all discovery materials and had access to all legal materials necessary to respond. The court determined that the motions filed by Dobson were frivolous and merely delay tactics. The district court granted the defendants' motions for summary judgment.
 
 ANALYSIS
 A. Summary Judgment
 
 4
 Summary judgment is appropriate when no genuine issue of material fact exists, and the moving party is entitled to summary judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986). We review summary judgment motions under a de novo standard. Id.; Lister v. Stark, 942 F.2d 1183, 1187 (7th Cir.1991). Defeating summary judgment requires more than just a swearing match. Rather, the nonmoving party must present some evidence that a genuine issue of material fact exists. Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992). No genuine issue of material fact exists if the record as a whole could not lead a rational trier of fact to find for the nonmoving party. Juarez v. Ameritech Mobile Communications, Inc., No. 90-3230, slip op. at 7 (7th Cir. Feb. 18, 1992). All inferences are taken in the light most favorable to the nonmoving party. Id.
 
 
 5
 The defendants properly supported their motion for summary judgment by attaching affidavits. Once this occurs, the nonmoving party must go beyond the pleadings and set forth specific facts that demonstrate a genuine issue of material fact that could be presented at trial. Whetstine v. Gates Rubber Co., 895 F.2d 388, 392 (7th Cir.1990); Fed.R.Civ.P. 56(e) (1991). Dobson failed to respond, much less offer specific facts demonstrating a genuine issue of material fact. The undisputed facts showed that no record of the indoor temperature for the Adjustment Unit existed. A series of comparisons was drawn between the recorded outdoor temperature of 1986, and the same temperatures in 1988 when records were kept on both indoor and outdoor temperatures. These comparisons indicated that temperatures inside the prison were bearable. Also, despite the fact that at the time of the lawsuit plaintiff had filed 156 complaints, he never filed a complaint regarding the heat. Nor had the plaintiff ever sought medical attention for any heat-related injury. Also, nothing in the record indicates that prison officials acted intentionally or with reckless disregard for his safety. The Eighth Amendment requires that an injury be sustained by the prisoner, and that the prison official responsible for that injury acted with intent or deliberate indifference to the prisoner's safety. Hudson v. McMillian, No. 90-6531, 60 U.S.L.W. 4151, 1992 Lexis Doc. 1372 (United States Supreme Court, Feb. 25, 1992); Wilson v. Seiter, 111 S.Ct. 2321 (1991). Because Dobson has made no showing of either of these elements, the defendants are entitled to summary judgment as a matter of law.
 
 B. Motion to Dismiss
 
 6
 If a plaintiff pleads no set of facts under which relief may be granted, the district court may grant defendants' motion to dismiss. Johnson v. Martin, 943 F.2d 15, 16 (7th Cir.1991); Fed.R.Civ.P. 12(b)(6) (1991). As with summary judgment, a motion to dismiss is also a matter of law and our review is de novo. Id. A pro se litigant is entitled to receive notice of the consequence of failing to respond to a dispositive motion. Cf. Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982). Initially, the court warned the plaintiff only that if he did not file a brief in opposition, the motion would be decided without his input (orders of June 22, 1990 and July 16, 1990). Subsequently, the court ordered that if Dobson did not respond within six days, the motion would be dismissed as unopposed. The judge later extended this time frame, but reiterated the result if Dobson failed to respond. Dobson did not respond, and as the district court had warned, defendants' motion was summarily granted. Dobson knew or should have known of the result of his inaction.
 
 CONCLUSION
 
 7
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs