Marshall JACKSON, Plaintiff–Appellant,

v.

Jack DUCKWORTH, Warden; H. Abbott, Investigator; C. Adkins, Assistant Warden; et al., Defendants–Appellees.

No. 91–1355.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 2, 1991.

Decided Jan. 27, 1992.

Marshall Jackson, pro se.

David A. Nowak, Deputy Atty. Gen., Federal Litigation, Indianapolis, Ind., for defendants-appellees.

Before POSNER, COFFEY, and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

This is a prisoner's civil rights suit against officials of the Indiana prison system. The district judge granted summary judgment for the defendants. Only one of the many issues pressed by the prisoner on appeal merits discussion in a published opinion; the others are decided in an unpublished order issued today. The issue we discuss is whether the claim of

cruel and unusual punishment presents a genuine issue of material fact. Both parties treat this as a "subhuman conditions" case, and focus on the objective inhumanity of the conditions. The prisoner's affidavit states that he was forced to live with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, poor lighting, inadequate heating, unfit water to drink, dirty and unclean bedding, without toilet paper, rusted out toilets, broken windows, [and] . . . drinking water contain[ing] small black worms which would eventually turn into small black flies." The defendants have presented sworn denials of these conditions, but summary judgment is not a procedure for resolving a swearing contest. *Chandler v. Baird*, 926 F.2d 1057 (11th Cir.1991); *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987). The district judge said that "Mr. Jackson has failed to come forth with evidence to show a genuine issue of material fact as to whether the conditions of confinement which he has endured violated the Eighth Amendment." But an affidavit is evidence for purposes of determining whether a genuine issue of material fact exists. Fed.R.Civ.P. 56(c). And while the judge seems to have been displeased with what he called the "general" character of Jackson's allegations, in fact the affidavit sets forth the allegedly barbarous conditions of his confinement in rather excruciating detail.

■ But, we emphasize, there is more to a subhuman-conditions case than subhuman conditions. "Punishment," for purposes of determining tort liability under 42 U.S.C. § 1983 for violation of the Eighth Amendment's prohibition against the infliction of cruel and unusual punishments, has both an objective and a subjective component. The objective component is the *nature* of the acts or practices alleged to constitute cruel and unusual punishment. Are they such acts or practices as would be deemed cruel and unusual if prescribed in a state or federal statute as the lawful punishment for a particular offense? The answer is "yes" if Jackson's affidavit is truthful, because in our contemporary society it would be considered barbarous to imprison a criminal in conditions so strikingly reminiscent of the Black Hole of Calcutta. *Ramos v. Lamm*, 639 F.2d 559, 567–72 (10th Cir.1980).

■ The subjective component of unconstitutional "punishment" is the *intent* with which the acts or practices constituting the alleged punishment are inflicted. The minimum intent required is *"actual* knowledge of *impending* harm *easily* preventable." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir.1985) (emphasis added); see *Wilson v. Seiter*, —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *McGill v. Duckworth*, 944 F.2d 344 (7th Cir.1991). A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. If the harm is remote rather than immediate, or the officials don't know about it or can't do anything about it, the subjective component is not established and the suit fails. See, e.g., *Wilson v. Seiter, supra*, 111 S.Ct. at 2326. Jackson's affidavit states, and the defendants do not deny, that the defendants visited his unit routinely, observed the conditions described in it, but failed to take adequate corrective measures. The defendants deny that the conditions were as Jackson described them and claim to have corrected the minor problems (such as infestation by roaches) that they acknowledge existed, but they do not suggest that any condition beyond their control would have prevented them from correcting the conditions that Jackson claims existed. There thus are triable issues concerning both the ghastliness of the conditions and the state of mind of the defendants.

The judgment for the defendants on the Eighth Amendment issue must be reversed and the case remanded for further proceedings consistent with this opinion. It should be unnecessary to add that we express no opinion on the ultimate merits of the plaintiff's claim; nor on whether any or all of the defendants may have other defenses not yet considered by the district judge.

In all other respects the judgment is affirmed, as explained in our order.

23

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.