976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudolph LUCIEN, Plaintiff-Appellant,
v.
Michael JONES, et al., Defendants-Appellees.
 No. 91-2446.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 28, 1992.*
Decided Sept. 15, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 This suit collects a variety of grievances Rudolph Lucien has concerning his placement in segregation in an Illinois prison. He does not dispute the prison's right to put him there but contends that the conditions were inhumane.
 
 
 2
 The district court's opinion narrates the claims. We affirm the disposition of the medical-treatment claims. Lucien lacked dentures and ointment for a few days, which poses no actionable problem. Even "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992). We also affirm the court's decision precluding amendment of the complaint to name additional defendants and wrongs. If Lucien wants to sue other persons about other events he may do so, but not in this case.
 
 
 3
 On one subject, however, further proceedings are essential. Lucien's complaint asserts that he languished in filthy cells without toilet paper or other items of hygiene. Just where the constitutional line falls in such cases is hard to say. Compare Harris v. Fleming, 839 F.2d 1232 (7th Cir.1988), with Jackson v. Duckworth, 955 F.2d 21 (7th Cir.1992).
 
 
 4
 The district judge granted summary judgment against Lucien. This meant disregarding his complaint and looking only at the admissible evidence in the record. On summary judgment, with the facts established to be as the district judge narrates them and only their legal significance in dispute, a court might properly think Harris the closer analogy. But the court should not have approached the matter under Fed.R.Civ.P. 56. The defendants' "affidavits" were unsigned and, perforce, unsworn. Unsworn narratives are not affidavits at all. Because the defendants did not take the steps necessary to secure summary judgment, their motion should have been treated as one to dismiss, under Fed.R.Civ.P. 12(b)(6), for failure to state a claim. Plaintiff then gets the benefit of all doubt. And with the benefit of the doubt, Jackson is the closer analogy.
 
 
 5
 The judgment is affirmed in all respects except the conditions-of-confinement claim. This aspect is reversed, and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record