12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudolph L. LUCIEN, Plaintiff-Appellant,
v.
Howard A. PETERS, III. et al., Defendants-Appellees.
 No. 92-3602.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 19, 1993.*
Decided Nov. 19, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Rudolph Lucien filed a civil rights action against various officials and employees of the Pontiac Correctional Center under 42 U.S.C. Sec. 1983, alleging among other things that the conditions of confinement he endured while in segregation constituted a violation of the Eighth Amendment. In an earlier appeal, Lucien v. Jones, No. 91-2446 (7th Cir. Sept. 15, 1992) (unpublished), we upheld a grant of summary judgment to the defendants with respect to all alleged violations, except the conditions of confinement claim. Finding that the district court had improperly relied on unexecuted affidavits, we reversed and remanded the conditions-of-confinement claim for further proceedings. The district court noted on remand that after final judgment had been entered, the defendants filed a motion for leave to file signed and notarized affidavits in substitution for the unexecuted affidavits. The motion was granted on the same day that Lucien filed his notice of appeal. Upon reviewing the record on remand, the district court again granted summary judgment in favor of the defendants. Lucien appeals.
 
 
 2
 In order to establish an Eighth Amendment violation, Lucien must show both that the conditions he was forced to endure were beyond the bounds of decency when judged against an objective standard, and that the prison officials either intentionally or recklessly subjected him to these conditions. Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992); Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992). Lucien claims that while in segregation, he was assigned to filthy, roach-infested cells with leaking plumbing, inadequate lighting, dirty bedding, and that he was deprived of exercise[1] and basic hygiene and cleaning supplies. Arguably, these conditions fall below the threshold of decency. Lucien acknowledges, however, that the defendants responded to his complaints by twice transferring him to different cells, by providing him with a device to unclog the sink, and by replacing the light bulb. See Original Complaint, R.5. The fact that the defendants responded to Lucien's complaints suggests that they were not indifferent to his plight in a reckless or deliberate manner.
 
 
 3
 Lucien also contends that his many requests for personal hygiene supplies, while housed in segregation cell-110, were ignored. He challenges defendant Miller's affidavit stating that Lucien received a laundry bag with supplies when he entered segregation cell-110 on May 4, 1990, R. 63, as untrue and improper because it was not based on personal knowledge.[2] Focusing only on the documents supplied by Lucien, prison procedure provides for hygienic items to be distributed every Tuesday upon request from the segregation inmate. Lucien admits that he was provided with hygiene supplies on May 15, 1990, which was a Tuesday. Here the delay in providing Lucien with requested hygiene supplies is not the type of extreme deprivation required to establish an objective violation. Compare Harris v. Fleming, 839 F.2d 1232 (7th Cir.1988), with Jackson, 955 F.2d at 22. See also Hudson, 112 S.Ct. at 1000. Nor does it alone indicate an intent to inflict punishment, but rather suggests that the officials were at most negligent. While we in no way discount the considerable unpleasantness of the conditions Lucien endured, we note they were relatively temporary. See Johnson v. Pelker, 891 F.2d 136, 138-39 (7th Cir.1989); Harris, 839 F.2d at 1235. Moreover, the attempts made to correct the problems show that the defendants were not deliberately indifferent to Lucien's needs.
 
 
 4
 Based on the totality of the conditions of confinement, the record supports the conclusion that Lucien was not subjected to cruel or unusual punishment in violation of the Eighth Amendment. Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Lucien has not alleged that he was unable to exercise in his cell, only that he was deprived of out-of-cell exercise. This claim fails to state a cognizable Eighth Amendment violation. Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988) (only if lack of exercise threatens inmate's health does it present a viable claim)
 
 
 [2]
 Here it is unnecessary to resolve whether the defendant's affidavit was based on personal knowledge as required by Rule 56(e) of the Federal Rules of Civil Procedure because Lucien's verified complaint and deposition testimony, coupled with the documents he submitted, is sufficient to conclude that the conditions complained of were only of a temporary nature, and not so extreme as to rise to the level of an Eighth Amendment violation