37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ray M. WILLIAMS, Plaintiff-Appellant,
v.
Steven BRIENNEN, et al., Defendants-Appellees.
 No. 93-2395.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 18, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Ray M. Williams brought suit under 42 U.S.C. Sec. 1983 alleging that county jail officials violated his Eighth Amendment rights by confining him to a segregation unit cell which was cold, smelled, and had poor plumbing. The court allowed Williams to proceed in forma pauperis, warning Williams that the case would be dismissed if Williams moved and failed to notify the court of his new address. Williams was transferred to the Illinois River Correctional Center (IRCC), and on January 25, 1993, Williams notified the district court of his new address.
 
 
 2
 Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6) and attempted to serve notice to Williams. Unaware of Williams' new address, though, defendant's service was returned. Defendants then informed the court of their inability to notify Williams of the motion. On April 14, 1993, Williams wrote the court to discover various material. This motion also contained Williams' address at the IRCC. On April 26, 1993, the court ordered Williams to show good cause why the case should not be dismissed for failure to state a claim, see C.D.Ill.Local R. 2.9(B), and the clerk of the court apparently mailed the order to Williams' old McLean County address.
 
 
 3
 Williams served a response to the order to show cause and requested a copy of the motion to dismiss so that he could respond to it. This objection was filed on May 11, the same day the court dismissed Williams' suit because Williams failed to respond to the motion to dismiss despite being warned of the consequences.[1] Williams appeals.[2] We affirm the dismissal because the complaint fails to state a claim rather than because Williams failed to oppose the motion to dismiss.
 
 
 4
 A pro se complaint should be read liberally, and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10, 101 S.Ct. 173, 176 (1980). We must accept the factual allegations of the complaint as true, and view the allegations in the light most favorable to the non-moving party. Id.; Wolfolk v. Rivera, 729 F.2d 1114, 1116 (7th Cir.1984).
 
 
 5
 To establish an Eighth Amendment violation, Williams must demonstrate that the conditions he was forced to endure were beyond the bounds of human decency when judged against an objective standard, and that the county jail officials either intentionally or recklessly subjected him to these conditions. Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992); Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992). The complaint alleges that (1) the toilet backed-up when D-Block flushed, causing severe odor in the E-block, (2) the temperature was too cold, forcing Williams to wear a wool blanket while watching television despite being allergic to wool, and (3) county jail staff failed to fix the toilet and temperature after being notified of the problems. Williams does not allege these conditions to be jail-wide.
 
 
 6
 "Inmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement." Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir.1988). Though unpleasant, these conditions are not severe enough to offend common standards of decency. See Lunsford v. Bennett, 17 F.3d 1574, 1579-80 (7th Cir.1994); Harris, 839 F.2d at 1235-36.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 A pro se prisoner plaintiff in a civil suit is entitled to receive notice of the consequences of failing to respond to a motion for summary judgment, but not necessarily motions to dismiss under 12(b)(6). See Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982) (plaintiffs are allowed a reasonable opportunity to counter summary judgment motions because affidavits may be submitted)
 
 
 [2]
 In their brief, defendants argue Williams' suit should be dismissed because Williams failed to respond timely to the motion to dismiss and failed to notify the district court of his change in address. The record, however, shows that Williams informed the court of his new address