52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Robert E. HILL, Jr., Plaintiff-Appellant,
v.
Philip MACHT, et al., Defendants-Appellees.
 No. 93-3039.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 11, 1995.
 
 IN PART AND REVERSED IN PART AND REMANDED.
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Robert E. Hill Jr. appeals the district court's grant of summary judgment in favor of the defendants in this action brought under 42 U.S.C. Sec. 1983. Hill, a Wisconsin state prisoner, alleged that his constitutional rights were violated by various officials of the Wisconsin Resource Center while he was incarcerated there. Specifically, Hill claimed that the prison officials subjected him to "cruel and unusual" conditions of confinement and violated his due process rights because his stay in adjustment segregation exceeded the maximum number of days set by prison regulation, and because there was a temporary lack of toilets in the segregation cell. The district court granted summary judgment in favor of the prison officials and denied Hill's cross-motion for summary judgment. On appeal, Hill claims that genuine issues of material fact exist as to whether these conditions violate his constitutional rights, thus making summary judgment inappropriate.
 
 
 2
 We review a district court's decision to grant summary judgment de novo. Hickey v. A.E. Staley Mfg., 995 F.2d 1385, 1388 (7th Cir.1993). In deciding whether summary judgment is appropriate, we view all evidence, and any reasonable inferences that may be drawn from the evidence, in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Cuddington v. Northern Indiana Public Serv. Co., 33 F.3d 813 (7th Cir.1994). This court will affirm if the record reveals that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Put simply, this court must review, de novo, whether Hill's conditions of confinement were so unsatisfactory as to violate his constitutional rights.
 
 
 3
 First, Hill claims that his Eighth Amendment rights were violated when he was housed in a cell which had no toilet. Prisoners have a right to be free from cruel and unusual punishment under the Eighth Amendment. Conditions of confinement which "deprive inmates of the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347-349 (1981), or constitute a deprivation of "basic human needs" may establish an Eighth Amendment violation. James v. Milwaukee County, 956 F.2d 696, 699 (7th Cir.), cert. denied, 113 S.Ct. 63 (1992). To establish an Eighth Amendment violation, Hill must show that the conditions he was forced to endure were beyond the bounds of human decency, and that the prison officers intentionally or recklessly subjected him to these conditions. Hudson v. McMillan, 112 S.Ct. 995, 999-1000 (1992); Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992). Hill alleges that the cell he was housed in during adjustment and program segregation lacked a sink, running water, and a toilet. The defendants admit that the cell Hill was placed in did not have these amenities. However, the policy of the facility was, absent abuse by the inmate, to release the inmate for access to a toilet within five minutes of a request to use the facilities. The district court found that these cells were recently renovated and, as of February 1993, all unit A4 cells contained toilets or sinks and an exhaust ventilation system appropriate to a room with a toilet. The fact that the prison officials had a policy of allowing use of a toilet upon request, and that renovation of the cells was forthcoming, indicates that the officials did not intentionally or recklessly subject Hill to conditions beyond the bounds of human decency.
 
 
 4
 Hill also claims that the lack of toilets and sinks in segregation cells violates his Fourteenth Amendment due process rights. The Wisconsin Administrative Code, Section DOC 303.69(1) describes the standard to be maintained in segregation, providing that,
 
 
 5
 [e]ach cell must meet the following minimum standards: clean mattress, sufficient light to read by at least 12 hours per day, sanitary toilet and sink, and adequate ventilation and heating.
 
 
 6
 We have held that state regulations that are merely procedural requirements do not create a liberty interest under the due process clause of the Fourteenth Amendment. Pardo v. Hosier, 946 F.2d 1278, 1281 (7th Cir.1991). "Procedural regulations are not a source of constitutional entitlement." Smith v. Shettle, 946 F.2d 1250, 1254 (7th Cir.1991). The district court correctly reasoned that the directive on toilets does not purport to create any protectable substantive right; rather, it is a directive on how to build prisons. Mr. Hill just simply does not have a federal due process right to a toilet in his cell.
 
 
 7
 Hill's next claim is more troublesome. Hill claims that the district court erred in granting summary judgment in favor of the defendants on the adjustment segregation issue. On February 5, 1991, Hill was sentenced to four days of adjustment segregation for tossing a cup of coffee and a cup of urine on defendant Gerhardt. An inmate serves a sentence of adjustment segregation in his cell and is denied various privileges such as recreation and dayroom activity. When an inmate's status changes, staff make notations in the status change log, as well as changing the status on the office census board and the tag on the cell door.[1] On February 9, 1991, Hill was "paper transferred" out of adjustment segregation and into program segregation. However, it was later learned that his status was not changed on the office census board, and as a result of this, Hill did not receive some of the privileges afforded inmates in program segregation. As a result of the oversight, Hill's stay in adjustment segregation lasted 17 days.
 
 
 8
 The Wisconsin Administrative Code, Section DOC 303.69(1) states: "Adjustment segregation may not exceed 8 days. It may only be imposed for a major offense by the adjustment committee or the hearing officer." This statute contains "language of an unmistakably mandatory character," and "specific substantive predicates," Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462-463 (1989); Hewitt v. Helms, 459 U.S. 460, 471 (1983), thereby creating a liberty interest.
 
 
 9
 Neither party disputes the fact that Hill's stay in segregation was too long. Hill, however, claims that the extended stay in adjustment segregation was an intentional act of harassment in violation of his federal right to due process. Hill's affidavit in opposition to defendant's motion for summary judgment claims, "there was deliberate intentions [sic] on the part of the defendants by keeping plaintiff in adjustment segregation status past the time proscribed ... and despite plaintiff's requests and complaints." (R. at 84, para. 9). By contrast, the guards simply state in their affidavits that they did not act intentionally. (R. at 67, 71, 72).
 
 
 10
 In rendering its decision on this issue, the district court was faced with conflicting affidavits. On the one hand, Hill contends the guards intentionally left him in adjustment segregation, and ignored his requests and complaints. On the other hand, the guards state they did not act intentionally. "[A] determination of credibility cannot be made on the basis of an affidavit." Castillo v. United States, 34 F.3d 443, 445 (7th Cir.1994). Defendants statements that they did not intentionally prolong Hill's stay in segregation are merely conclusory. Defendant's did not provide the district court with any facts concerning Hill's extended adjustment segregation status. Under these circumstances, and in light of Hill's sworn assertion that the guards ignored his requests and complaints about the extended segregation, we conclude that there is a genuine issue of material fact which precludes summary judgment. Therefore, we remand this case to the district court for further proceedings on the issue of whether prison officials intentionally kept Hill in adjustment segregation past his four day sentence.
 
 
 11
 For the foregoing reasons the judgment of the district court is AFFIRMED in part and REVERSED in part and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in deciding this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Inmates are subject to "adjustment", "program", "observation", and "controlled" segregation depending on their behavior. The record shows Hill was in each of these segregation statuses during the early part of 1991