67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry D. RANDOLPH, Plaintiff-Appellant
v.
Daniel R. McBRIDE, Sergeant Powell, and Curtis Hall,
Defendants-Appellees.
 No. 95-1307.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 10, 1995.*
Decided Sept. 28, 1995.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 94 C 767; Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED IN PART, REVERSED IN PART.
 Before FLAUM, RIPPLE, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Terry D. Randolph, while an inmate at the Westville Correctional Center ("Westville") in Westville, Indiana, filed a pro se complaint under 42 U.S.C. Sec. 1983 against three Westville officials.[1] Randolph alleged that defendants McBride and Powell violated his Eighth Amendment right to be free from cruel and unusual punishment by refusing to give him clean laundry in the proper size and amount for eight months (Count I), and that defendant Hall violated Randolph's First Amendment right to file grievances by performing only a "perfunctory review" of his grievance (Count II). The defendants filed a motion to dismiss on the pleadings. See Fed.R.Civ.P. 12(b)(6). The district court granted the defendants' motion to dismiss; it entered judgment against Randolph and in favor of the defendants. This timely appeal follows.
 
 
 2
 A dismissal under Rule 12(b)(6) is reviewed de novo; we assume the truth of the allegations and draw all reasonable inferences in the plaintiff's favor. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir.1995) (citing Arazie v. Mullane, 2 F.3d 1456, 1465-66 (7th Cir.1993)). The district court's dismissal will be affirmed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because Randolph's complaint was filed without counsel, it must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 3
 In his complaint, Randolph alleges that McBride and Powell refused to give him clean laundry in the proper size and allotment for eight months. Regarding Hall, Randolph claims that his First Amendment right to file grievances was violated by Hall's failure to follow Westville's grievance procedures and Hall's perfunctory action on Randolph's grievance. Randolph adds that Hall is racially biased and only investigates grievances submitted by black prisoners, and that, if the inmate filing the grievance is non-black, Hall conducts only a perfunctory review of the grievance.
 
 
 4
 The defendants claim that the argument section of Randolph's brief is inadequate, Fed.R.App.P. 28(a), and, therefore, that Randolph's appeal should be summarily dismissed. We disagree. Randolph is a pro se litigant. Although the argument section of his brief is minimal, Randolph does present claims for appellate review--he argues that the dismissal should be set aside and that the district court should have allowed him the opportunity to amend his complaint.
 
 
 5
 Turning to the merits, the defendants argue that, because Randolph failed to respond to their motion to dismiss and did not request leave to amend his complaint, these claims should not be entertained. However, eight days after the district court dismissed Randolph's complaint, Randolph filed a motion to amend the district court's judgment dismissing his complaint, Fed.R.Civ.P. 59(e), or, in the alternative, a notice of appeal (hereinafter "motion to amend"). In this motion, Randolph requested that the district court's judgment be set aside and that he be allowed to respond to the defendants' motion to dismiss and amend his complaint. Randolph explained that, although he filed an answer to the defendants' motion to dismiss, it was "lost" in Westville's mail room and, consequently, it never reached the defendants. Because Randolph has not had the opportunity to respond to the defendants' motion to dismiss or amend his complaint, we shall consider his request to set aside the dismissal and amend his complaint on appeal.[2]
 
 A.
 
 6
 In Count I of his complaint, Randolph alleges that McBride and Powell refused to give him clean laundry in the proper size and allotment for an eight month period. The Eighth Amendment imposes on prison officials the duty to "provide humane conditions of confinement...." Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). However, prison conditions violate the Eighth Amendment only when they exceed "contemporary bounds of decency of a mature, civilized society." Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir.1994) (citing Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992)). The allegation that McBride and Powell refused to give Randolph the "proper" amount of clean laundry for a period of eight months is not an allegation that Randolph was denied clean clothing--he was only denied the amount of clean laundry ordinarily given to inmates at Westville. We cannot say that such a situation exceeds "contemporary bounds of decency." Therefore, McBride and Powell's alleged actions do not constitute cruel and unusual punishment. In his motion to amend, Randolph indicates that he should be allowed to amend his complaint to allege that Powell is personally responsible for the distribution of laundry at Westville. Because this amendment would be futile, the district court's dismissal of Randolph's complaint on this claim was proper. See Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir.1995) (citing Estate of Porter v. State of Illinois, 36 F.3d 684, 689 (7th Cir.1994)).
 
 B.
 
 7
 In Count II of his complaint, Randolph alleges that his First Amendment right to air grievances was violated by Hall's disregard for Westville's grievance system and Hall's perfunctory review of Randolph's grievance for clean laundry. He also claims that Hall is racially biased and that he only investigates grievances submitted by black offenders and, for non-black inmates, provides only a perfunctory review of their grievances.
 
 
 8
 It has long been held that "persons in prison, like other individuals, have the right to petition the government for redress of grievances which, of course, includes 'access of prisoners to the courts for the purpose of presenting their complaints.' " Cruz v. Beto, 405 U.S. 319, 321 (1972) (quoting Johnson v. Avery, 393 U.S. 483, 485 (1969)). Although we believe that the district court correctly disposed of this claim in other respects, one aspect of Randolph's allegation gives us pause. Randolph alleges that Hall is racially biased and only investigates thoroughly grievances submitted by black offenders. This allegation supports an equal protection claim. Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1220 (7th Cir.1994). Accordingly, we reverse the dismissal of Randolph's complaint as filed against Hall and remand for further proceedings on Count II of the complaint.
 
 
 9
 For the foregoing reasons, the judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The following officials at Westville were named as defendants: Daniel McBride, Superintendent; Sergeant Powell, Correctional Officer; and Curtis Hall, Grievance Specialist
 
 
 [2]
 We note that the district court construed Randolph's motion to amend as a notice of appeal and, therefore, did not rule on its merits