James **FLORES**, Plaintiff–Appellant,

v.

Cindy **O'DONNELL**, et al., Defendants–Appellees.

No. 01–1596.

United States Court of Appeals, Seventh Circuit.

Submitted March 19, 2002.*

Decided March 26, 2002.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before WOOD, ROVNER, and EVANS, Circuit Judges.

## ORDER

James Flores appeals the entry of summary judgment in his suit under 42 U.S.C. § 1983 against Wisconsin prison officials for cruel and unusual punishment. We affirm.

Flores was housed in segregation at Waupun Correctional Institution when in December 1998 he was told that his chil-

dren had been denied entry because they were not named on the visitor list. Flores asked to speak to a supervisor to correct this mistake, but prison guards ignored his request. Upset, Flores banged on his cell door and drew the attention of defendant Strahota, who ordered that Flores be placed in control segregation, a more restrictive segregation unit located in a newly opened building. Flores refused to move, so Strahota sprayed him with chemicals and had him placed in restraints. Upon reaching control segregation, guards stripped Flores completely naked and placed him in a cell containing only a mattress. After fifteen hours Flores complained to guards that the cell was cold, and three hours later prison staff offered him clothing on the condition that he wear a surgical mask to prevent him from spitting on them as he done in the past. Flores refused and thus received no clothing at that time. Prison records indicate that he received clothing after 42 hours, when he donned a surgical mask, but Flores asserts that he received clothing only upon his release from the control cell. During his 48–hour stay in the control cell, Flores received visits from prison nurses to whom he complained about the cold, but the nurses expressed no concerns about the cold or Flores' physical condition. After his release from control segregation, Flores did not seek medical treatment related to his exposure to cold.

After exhausting administrative remedies, Flores filed a § 1983 complaint, alleging that his exposure to extreme cold while in control segregation constituted cruel and unusual punishment. During discovery Flores sought, among other things, records of inmate complaints regarding cold cells in the segregation building between October 1998 and February 1999. Although the defendants claimed to be unable to find any such complaints, in a motion to compel discovery Flores at-

tached two responses to complaints by other inmates about the cold, as well as a January 1999 memo from a unit manager stating that "the recent cold weather has been the subject of much complaint" in the building housing control segregation. The magistrate judge assigned to the case concluded that the defendants' document search had been inadequate and ordered them to conduct a more thorough search. After the defendants complained that Flores' request was unduly burdensome, the magistrate judge narrowed Flores' request to complaints filed by prisoners who were in segregation between December 8 and December 10, 1998, the dates Flores was in the control cell. The defendants then wrote the court a letter stating that they had located thirteen complaints filed between October 1998 and January 1999, but they asserted that none of these complaints were filed during December 1998 (the appellees' brief corrects this assertion, stating that two complaints about cold cells actually were filed during December 1998). The district court then granted the defendants' motion for summary judgment, stating that Flores had failed to raise a genuine issue of material fact regarding the defendants' deliberate indifference to the temperature of his cell. The court also held that there was no evidence of personal involvement by defendants O'Donnell and McCaughtry.

On appeal Flores first argues that he raised a genuine issue of material fact regarding the temperature of his cell. Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir.1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to pro-

tect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir.1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642. Flores has alleged that he was exposed to extreme cold for roughly 48 hours, during the first 18 of which he had no access to clothing. He has supported his claim of cold temperatures with an affidavit from another inmate and a memo from a prison official acknowledging inmate complaints about the cold. The defendants presented an affidavit from Strahota stating that the cell hall temperature was 72 degrees and that he went into Flores' cell hourly and it was not cold. The defendants also submitted an affidavit from the prison's superintendent of building and grounds stating that the thermostat was set at 72–73 degrees and that the heating system was not malfunctioning when Flores was in control segregation. This disagreement arguably presents a genuine issue of material fact as to whether the duration and severity of the cold in Flores' cell was serious enough to implicate the Eighth Amendment.

 But to have survived summary judgment, Flores must also have demonstrated a material dispute as to whether the defendants were deliberately indifferent to his exposure to cold. *Dixon*, 114 F.3d at 643. To establish deliberate indifference, a plaintiff must show that the prison officials had "'*actual* knowledge of *impending* harm *easily* preventable.'"

*Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir.2001) (quoting *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir.1992)). Failure by prison officials to respond to complaints about cell conditions can demonstrate deliberate indifference. *See Dixon*, 114 F.3d at 643. Here, however, prison officials were responsive to Flores' complaints. Flores does not dispute that three hours after he first complained of the cold, guards offered him clothing that he refused. Flores has never asserted that he later had a change of heart and communicated to guards his acceptance of their proposal to give him clothes conditioned only on his agreement to wear a mask that would protect them from his spitting. Moreover, Flores does not deny that he received medical attention while he was in control segregation. Accordingly, Flores failed to sufficiently dispute evidence that prison officials responded to, rather than deliberately ignored, his complaints about the cold.

This conclusion renders moot Flores' remaining contention that the magistrate judge unreasonably limited his discovery request for inmate complaints about cold conditions in segregation. The magistrate judge narrowed his request from a four-month period to complaints filed by inmates who were segregated during the two days Flores was in control segregation. Flores correctly argues that this limitation hindered his ability to demonstrate that the segregation unit was consistently cold, but his lawsuit related only to a two-day period; as to those days Flores did not dispute evidence that guards offered him an alternative to the cold and monitored his health when he refused. Additional indicia that it was also cold in the segregation unit on other days would not have undermined the evidence that Flores' complaints were addressed on the days in question.

AFFIRMED.