**Robert HINES, Plaintiff,**

v.

**Michael SHEAHAN, et al., Defendants.**

No. 93 C 249.

United States District Court, N.D. Illinois, E.D.

March 11, 1994.

Robert Hines, pro se.

Jerry Bischoff, Cook County State's Attys. Office, Terry L. McDonald, Asst. State's Atty., Chicago, IL, for defendants.

### MEMORANDUM OPINION

GRADY, District Judge.

Pro se plaintiff Robert Hines brings this action pursuant to 42 U.S.C. § 1983 for redress for alleged constitutional deprivations suffered while he was incarcerated as a pretrial detainee at the Cook County Jail. Plaintiff alleges that he was required to sleep on a mattress on the floor "where rats and roaches run across your mattress and roaches crawl in your bed on your person," in violation of his rights under the Eighth and Fourteenth Amendments to the Constitution. Complaint at 5. Plaintiff names Michael F. Sheahan, Sheriff of Cook County, J.W. Fairman, Executive Director of the Cook County Department of Corrections, and Carl Russell, Cook County Jail Superintendent, as defendants.

The case comes before the court on defendants' motion to dismiss for failure to state a claim, filed on August 18, 1993. By order of the court, plaintiff was given until September 17, 1993, to respond to the defendants' motion to dismiss. On August 27, 1993, plaintiff

moved for an extension of time to respond, and on January 7, 1994, the court granted him an extension until January 21, 1994. On January 31, 1994, the court, on its own motion, granted him another extension until February 21, 1994. Now, plaintiff moves for another extension of time to respond. Because plaintiff already has had over six months in which to respond to the motion to dismiss, his second motion for an extension of time is denied. For the reasons discussed below, defendants' motion to dismiss is granted, and plaintiff is given leave to amend his complaint to cure the defects noted.

## DISCUSSION

■ Although plaintiff cites both the Fourteenth and Eighth Amendments in his complaint, only the Fourteenth Amendment is directly applicable to claims of unconstitutional conditions of confinement by pretrial detainees. Under the Due Process Clause of the Fourteenth Amendment, the state may hold a defendant in custody prior to trial, but lacks the power to punish the detainee until after a formal adjudication of guilt. *Anderson v. Gutschenritter*, 836 F.2d 346, 348–49 (7th Cir.1988) (citing *Ingraham v. Wright*, 430 U.S. 651, 671–72, 97 S.Ct. 1401, 1412–13, 51 L.Ed.2d 711 (1977)). Only after conviction may the state punish a criminal defendant, and it is then that the Eighth Amendment's prohibition against cruel and unusual punishment applies. *Id.* at 348 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1871 n. 16, 60 L.Ed.2d 447 (1979)). Thus, the appropriate inquiry in this case is not whether a punishment was proper, but rather whether the challenged conduct amounted to any kind of punishment at all: "[While] the Eighth Amendment prohibits only cruel and unusual punishments," the Fourteenth Amendment "does not allow jailers to punish pretrial detainees at all, no matter how humane or common the punishment might be." *Salazar v. City of Chicago*, 940 F.2d 233, 239–240 (7th Cir.1991).

Nevertheless, the standards for assessing claims of unconstitutional conditions of confinement under the Eighth and Fourteenth Amendments are actually quite similar. *See, e.g., Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1093–94 (7th Cir.1986); *Wash-*

*ington v. Sheenhan*, No. 92 C 0301, 1992 WL 97650, at 1, 1992 U.S.Dist. Lexis 6081, at *2 (N.D.Ill. April 30, 1992). As the Seventh Circuit observed in *Salazar*, "[p]unishment is punishment, and there is no reason why the term should mean two different things in the Eighth and Fourteenth Amendment contexts." *Salazar*, 940 F.2d at 240. Thus, both Eighth and Fourteenth Amendment case law informs our decision here.

■ In *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), the Supreme Court noted that punishment in the constitutional sense involves both a subjective and an objective component. Courts evaluating claims of unconstitutional conditions of confinement must consider (1) whether the defendant prison officials acted with the requisite state of mind (the subjective component) and (2) whether the alleged deprivations were sufficiently serious to rise to the level of a constitutional violation (the objective component). *Id.* at 2324.

■ We consider first whether plaintiff's complaint alleges the requisite level of intent so as to satisfy the subjective component. Noting that punishment necessarily implies intent, the Seventh Circuit has rejected a negligence standard for analyzing the state of mind of prison officials in actions alleging unconstitutional conditions of pretrial confinement. *Salazar*, 940 F.2d at 237–39 (citing *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Archie v. City of Racine*, 847 F.2d 1211 (7th Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989)). Rather, a pretrial detainee alleging due process violations must show that the defendants acted with deliberate indifference. *Salazar*, 940 F.2d at 238. At a minimum, to prevail under a deliberate indifference standard, plaintiff must allege "*actual* knowledge of impending harm.'" *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir.1992) (emphasis in original) (citation omitted). Plaintiff in this case makes no claim that defendants caused, participated in or even knew of the alleged unconstitutional conditions. Moreover, as a colleague observed in a similar case, because defendants

are all supervisory officials in high posts, it is unlikely that they personally would have any reason to know of plaintiff's particular insect and rodent problem, *Washington*, 1992 WL 97650, at *1, 1992 U.S.Dist. Lexis 6081, at *6.

Plaintiff suggests that regardless of whether defendants were involved personally in the alleged constitutional violations, they should be held liable as supervisors for the acts and omissions of those employees in the Cook County Jail who were directly involved in the deprivations. However the doctrine of *respondeat superior* does not apply to constitutional tort actions brought under § 1983. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988). A supervisor may be held liable under § 1983 for the conduct of subordinates only if the supervisor knew about the conduct and facilitated it, approved it, condoned it, or purposefully turned a blind eye to it. *Id.* There are no such allegations here.

We recognize that " 'keeping vermin under control in jails, prisons and other large institutions is a monumental task,' " *Chavis v. Fairman*, No. 92 C 7490, 1994 WL 55719, at *4, 1994 U.S.Dist. Lexis 1850, at *12 (N.D.Ill. Feb. 15, 1994) (citation omitted), and failure to do so without any suggestion that the failure is a reflection of defendants' deliberate indifference is not a constitutional violation. *Id.* Thus, plaintiff's complaint against the defendants must be dismissed for failure to state an essential element of the claim. *R.J.R. Services, Inc. v. Aetna Cas. and Sur. Co.*, 895 F.2d 279, 281 (7th Cir.1989). However, the dismissal is without prejudice, and plaintiff will be given an opportunity to file an amended complaint setting forth facts that would support a claim of deliberate indifference.

To the extent that plaintiff brings suit against defendants not merely as individuals, but in their official capacities, his complaint also fails to state an essential element of the cause of action. A suit against a government employee in his official capacity is equivalent to a suit against the governmental entity itself, and damages are recoverable only to the extent that they would be recoverable against the governmental entity. *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 870

(7th Cir.1983) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978)). A local governmental entity is liable for damages under § 1983 only if plaintiff can show that the alleged constitutional deprivation occurred as a result of official policy or custom. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037.

The Supreme Court in *Leatherman v. Tarrant County Narcotics Unit*, —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), recently rejected a heightened pleading standard for complaints alleging liability of governmental entities under § 1983. Thus, plaintiff is not required to plead with particularity the facts upon which he bases his claim of official policy or custom resulting in constitutional deprivation, but need only provide a " ' "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Id.*, 113 S.Ct. at 1163 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (citing Fed.R.Civ.P. 8(a)(2))). However, plaintiff's complaint lacks any allegation whatsoever of official custom or policy, and thus fails to meet even this liberal pleading standard. Plaintiff states only that defendants, as supervisors, were responsible for the acts of their staff. This is nothing more than a claim of *respondeat superior* liability, which does not apply in this context. *See* discussion, *supra* pp. 1267–68, and *Leatherman*, —— U.S. at ——, 113 S.Ct. at 1162. A governmental entity is not liable under § 1983 for violations caused by individual acts of its employees, only for violations caused by its policies and customs. *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. In order to give defendants fair notice of his official capacities claim, we believe that even under the generous rule of *Leatherman*, plaintiff must allege that a policy-maker had knowledge of the rat and roach problem, yet, as a matter of policy, failed to make any effort to remedy the situation. In other words, plaintiff must allege some fact to link the Cook County Jail's failure to cure the alleged constitutional

deprivation to some official policy.[1] Because plaintiff has failed to meet even this minimal pleading requirement, his complaint against defendants in their official capacities also must be dismissed. Plaintiff will be given leave to amend his complaint to cure this defect.

Assuming that plaintiff will be able to amend his complaint to satisfy the subjective intent requirement, so as to implicate the defendants in either their individual or official capacities, or both, we must also consider whether the complaint satisfies the objective component of punishment by alleging serious deprivation. Although penal conditions may not "deprive inmates of the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981), "the Constitution does not mandate comfortable prisons," *id.* at 349, 101 S.Ct. at 2400, and "extreme deprivations are required to make out a conditions of confinement claim." *Hudson v. McMillian*, — U.S. —, —, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). Prisoners "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988). However, at the same time, the Seventh Circuit has recognized that prisons must provide some basic level of sanitation so as to achieve a minimum "threshold of decency." *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir.1989) (citation omitted).

We concur with our colleagues in this district that requiring an inmate to sleep on a mattress on the floor does not in itself rise to the level of a constitutional violation. *See, e.g., Chavis v. Fairman*, No. 92 C 7490, 1994 WL 55719, 1994 U.S.Dist. Lexis 1850; *Williams v. Sheenhan*, No. 92 C 3738, 1993 WL 376218, 1993 U.S.Dist. Lexis 13187 (N.D.Ill. Sept. 16, 1993); *Brown v. Fairman*, No. 93 C 2671, 1993 WL 286554, 1993 U.S.Dist. Lexis 10480 (N.D.Ill. July 28, 1993). Thus, we must consider whether the result-ing contact with rats and roaches alleged here is enough to implicate the Constitution. In *Harris v. Fleming*, a prison inmate claimed that confinement in a "filthy, roach-infested cell" without adequate toilet paper, soap, toothpaste or a toothbrush violated the Constitution. *Harris*, 839 F.2d at 1234. One of the factors that influenced the Seventh Circuit's decision that the challenged conditions did not offend the Constitution was that the plaintiff had suffered no physical harm. *Id.* at 1235. Likewise, in dismissing the complaints in *Brown v. Fairman* and *Chavis v. Fairman*, our colleagues noted that the plaintiffs in both cases failed to allege that the challenged conditions (sleeping on the floor, odors, lack of warm water for showers, infrequency of clothing changes, sharing a shower with many other inmates, and roaches in one's cot) caused them any injury. *Brown*, 1993 WL 286554, at *2, 1993 U.S.Dist. Lexis 10480, at *3; *Chavis*, 1994 WL 55719, at *3, 1994 U.S.Dist. Lexis 1850, at *15. In light of this injury requirement, plaintiff's amended complaint should state in detail whether and how he was harmed by the contact with rats and roaches.

## CONCLUSION

Defendants' motion to dismiss is granted. Plaintiff is granted leave to file an amended complaint by April 29, 1994, curing the defects noted above. Specifically, plaintiff must allege facts showing (1) personal involvement of the defendants, or the existence of a custom or policy of deliberate indifference on the part of the County Jail Administration, or both; and (2) facts indicating what harm he suffered as a result of the conditions of which he complains.

---

1. A number of our colleagues in this district have reached similar conclusions in post-*Leatherman* cases. *See, e.g., Anderson–El v. O'Keefe*, No. 93 C 2608, 1994 WL 48623, at *2, 1994 U.S.Dist. Lexis 1506, at *7–8 (N.D.Ill. Feb. 8, 1994); *Schweich v. Chicago*, No. 93 C 2359, 1993 WL 462854, at *2, 1993 U.S.Dist. Lexis 15902, at *5–6 (N.D.Ill. Nov. 5, 1993); *Jointer v. Cambric*, No. 92 C 7313, 1993 WL 147424, at *6, 1993 U.S.Dist. Lexis 5881, at *13 (N.D.Ill. April 29, 1993).