Robert HOUSTON, Plaintiff–Appellant,

v.

Michael F. SHEAHAN and James W. Fairman, Jr., Defendants–Appellees.

No. 94–3169.

United States Court of Appeals, Seventh Circuit.

Submitted July 26, 1995.

Decided Aug. 2, 1995.*

---

* The court has decided to publish this decision, originally an unpublished order under Circuit Rule 53.

Robert Houston, pro se.

David S. Meyerson, Office of the State's Atty. of Cook County, Chicago, IL, for Michael F. Sheahan, James W. Fairman, Jr.

Before BAUER, EASTERBROOK, and MANION, Circuit Judges.

PER CURIAM.

While awaiting trial, Robert Houston was confined at the Cook County Jail. He filed this suit under 42 U.S.C. § 1983, contending that the jail was overcrowded and that he was required to sleep on a filthy mattress. He also mentions inadequate medical care but does not develop that argument in his brief, and we deem it waived. *Colburn v. Indiana University*, 973 F.2d 581, 593 (7th Cir.1992). The district court dismissed the action under Fed.R.Civ.P. 12(b)(6).

Houston has since been convicted, and he is at a regular state prison. He does not allege that he is likely to return to the Jail, so his request for injunctive relief is moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348–49, 46 L.Ed.2d 350 (1975). (The case was not filed as a class action.) As for damages: The only two defendants are the Sheriff of Cook County and the Warden of the Jail. Houston does not contend that either was responsible for the condition of his mattress, and neither can be held liable in damages for the acts of a subordinate. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Both the Sheriff and the Warden must have known the Jail's crowded state. In an official-capacity action seeking an injunction, where the Sheriff and Warden are stand-ins for the political bodies they serve, they could well be ordered to take appropriate steps if crowding has exceeded the constitutional limit. That ordinarily would preclude dismissal under Rule 12(b)(6). But mootness leaves Houston with a request for damages alone, and he is not entitled to that remedy. Damages do not follow from knowledge of a problem; the defendants must intend to harm the prisoner. *Farmer v. Brennan*, —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Even with all of the leeway Fed.R.Civ.P. 8 affords to a pleader, Houston cannot surmount that hurdle. Neither the Sheriff nor the Warden designed the Jail; neither has the ability to build a larger facility; neither controls the number of prisoners assigned there. The county legislature is responsible for providing space; the state judiciary determines how many prisoners to send; the Sheriff and Warden are custodians, and they doubtless wish that they had more resources. They cannot be called on to pay damages to Houston for the consequences of other persons' decisions, see *Monell*, so the judgment is

AFFIRMED.