John STONE–EL, Plaintiff,

v.

Michael SHEAHAN, James Fairman and James Carey, in their individual and official capacities, Defendants.

No. 93 C 6804.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 20, 1995.

John Stone–El, Canton, IL, Pro Se.

Patrick Malone Blanchard, Terry L. Mc-Donald, Cook County State's Attorneys, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff John Stone–El brings this pro se 42 U.S.C. § 1983 action against defendants Michael Sheahan, the Sheriff of Cook County; James Fairman, the Executive Director of the Cook County Department of Corrections (DOC); and James Carey, the Division VI Superintendent at the Cook County Jail (CCJ), in their individual and official capacities. The plaintiff alleges that various conditions of confinement at the CCJ violated his right to due process under the Fourteenth Amendment. Presently before us is the defendants' motion to dismiss. For the reasons set forth below, we grant the motion.

## I. Background

Stone–El alleges that he was incarcerated as a pretrial detainee in Division VI of the CCJ from July 2, 1992 to July 30, and then again from September 5, 1992, to September 17, 1993. The plaintiff was then transferred to Division I of the CCJ. In November 1993, Stone–El was transferred to Taylorville Correctional Center; ultimately, he was moved to his current placement at Western Illinois Correctional Center. The plaintiff complains that, while incarcerated at the CCJ, he was exposed to unconstitutional conditions in violation of his right to due process.

Stone–El alleges a catalogue of complaints: (1) overcrowding forced him, for some time, to sleep on the floor without a mattress, and the number of inmates rendered the prison noisy; (2) his personal hygiene suffered from lack of showers, toilet paper, and clothing changes, in addition to dirty showers and restrooms; (3) rats infested the CCJ; (4) the ventilation was poor; (5) he was afforded an inadequate amount of time to exercise; (6) he was subjected to gang intimidation and there was inadequate security; and (7) his health was jeopardized because he was housed with detainees afflicted with HIV and tuberculosis, and because the floor tiles contained asbestos.

The plaintiff alleges that he spoke personally with Superintendent Carey and Executive Director Fairman regarding these conditions. Complaint at 5; Pl.'s Resp., Addendum at 2. Stone–El also maintains that he wrote grievances reporting each condition. Complaint at 5. However, the complaint does not at all mention Sheriff Sheahan's involvement. The plaintiff seeks compensatory and punitive damages from the defendants.[1] The defendants now move to dismiss the complaint under Fed.R.Civ.P. 12(b)(6).

## II. Standard for Motion to Dismiss

A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Richmond v. Nationwide Cassel L.P.,* 52 F.3d 640, 644 (7th Cir.1995); *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take as true the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the plaintiff. *Cornfield v. Consolidated High Sch. Dist. 230,* 991 F.2d 1316, 1324 (7th Cir.1993) (citing *Ellsworth,* 774 F.2d at 184). Finally, we liberally construe allegations in pro se pleadings, applying less stringent standards than those applied to professionally drafted pleadings. *Kincaid v. Vail,* 969 F.2d 594, 598 (7th Cir.1992), *cert. denied,* 506 U.S. 1062, 113 S.Ct. 1002, 122 L.Ed.2d 152 (1993).

## III. Discussion

The defendants argue that Stone–El has failed: (1) to allege a causal connection between the defendants and the alleged deprivations, a requirement for liability in their individual capacities; (2) to allege a causal connection between a policy, custom, or practice of the Sheriff of Cook County and the alleged deprivations, a requirement for liability in their official capacities; and (3) to allege that the defendants acted with the required state of mind and that the deprivations were sufficiently serious, requirements for finding that the alleged deprivations were in fact violations of the Fourteenth Amendment. We address the arguments in turn.

### A. *Individual Capacities— Lack of Causation*

In order to hold the defendants liable in their individual capacities, the plaintiff must allege that the defendants were "personally involved in that conduct.... The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless

---

1. To the extent that Stone–El seeks injunctive relief against the defendants in their individual and official capacities, claims for such relief are moot because the plaintiff has been transferred to Western Illinois Correctional Center, and has not alleged any likelihood of returning to the CCJ.

indifference." *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988) (quoted by *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995)). That is, there must be " '[a] causal connection, or an affirmative link, between the misconduct complained of and the official sued.' " *Estate of Porter by Nelson v. Illinois,* 36 F.3d 684, 688 (7th Cir.1994) (quoting *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983)).

■ In light of the applicable law, we grant the defendants' motion to dismiss. Stone–El does not, and cannot, contend that the defendants personally caused the conditions at the CCJ. The defendants are merely custodians at the CCJ; they cannot limit the number of pretrial detainees assigned there, nor can they appropriate funds to improve the conditions. *See Houston v. Sheahan,* 62 F.3d 902, 903 (7th Cir.1995); *see* 55 ILCS 5/3–15015 (charging Cook County Board of Commissioners, not Sheriff, with duty to fund). Stone–El does not allege, in contrast to other cases, *Wilson v. Cook County Bd. of Comm'rs,* 878 F.Supp. 1163, 1169 (N.D.Ill.1995), that the defendants intentionally withheld available resources that could have improved the conditions at the CCJ; without some "affirmative link" between the conditions and the defendants, *Estate of Porter,* 36 F.3d at 688, we grant their motion to dismiss the claims brought against them in their individual capacities.[2]

### B. *Official Capacities—Lack of Custom, Policy, or Practice*

■ We also dismiss the plaintiff's claims against the defendants in their official capacities. A suit against government officers in their official capacities is actually a suit against the government entity that employs the officers. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). As such, the plaintiff must allege that a policy, custom, or practice of the government entity caused the alleged constitutional violation. *Monell v. Depart-*

*ment of Social Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978); *McTigue v. City of Chicago,* 60 F.3d 381, 382 (7th Cir.1995). Here, the government entity sued by Stone–El is the Sheriff of Cook County, an entity independent of the Cook County Board of Commissioners. *See Thompson v. Duke,* 882 F.2d 1180, 1187 (7th Cir.1989), *cert. denied,* 495 U.S. 929, 110 S.Ct. 2167, 109 L.Ed.2d 496 (1990).

The plaintiff fails to allege, however, that a policy, custom, or practice of the Sheriff caused the conditions at the CCJ. Nor could he; the Cook County Board of Commissioners, not the Sheriff's office, controls the design and funding of the CCJ. *See Houston,* 62 F.3d at 903. Indeed, Stone–El's complaint does not at all mention any policy, custom, or practice of any government entity. Accordingly, the plaintiff has failed to sufficiently allege a § 1983 cause of action against the defendants in their official capacities.

### C. *Unconstitutional Conditions*

■ Even if Stone–El had sufficiently alleged causation against the defendants in their individual and official capacities, the plaintiff's complaint fails to allege constitutional violations. The Due Process Clause of the Fourteenth Amendment prohibits the state from inflicting "punishment" on pretrial detainees. *Brownell v. Figel,* 950 F.2d 1285, 1289 (7th Cir.1991) (citing *Bell v. Wolfish,* 441 U.S. 520, 536, 99 S.Ct. 1861, 1872, 60 L.Ed.2d 447 (1979)). Although the source of protection for pretrial detainees is the Due Process Clause, the protection is at least as extensive as that provided for convicted prisoners by the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Salazar v. City of Chicago,* 940 F.2d 233, 239–40 (7th Cir.1991).

■ Accordingly, a pretrial detainee claiming that prison officials inflicted unconstitutional punishment typically must allege both a subjective component—the prison offi-

2. We note that it would be proper to grant Sheahan's motion to dismiss on another ground; the complaint wholly fails to mention Sheahan, in his individual capacity, when referring to the alleged conditions at the CCJ. Although we construe pro se complaints liberally, even a pro se complaint cannot survive a defendant's motion to dismiss if it merely identifies the defendant in the caption. *Brown v. State's Attorney,* 783 F.Supp. 1149, 1151 n. 1 (N.D.Ill.1992) (citing *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974)).

cials acted with the requisite state of mind—and an objective component—the alleged punishment was sufficiently serious. *See Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). In a conditions of confinement case, "deliberate indifference" violates the subjective component. This state of mind requires that the official " 'consciously disregar[d]' a substantial risk of serious harm." *Farmer v. Brennan*, —— U.S. ——, ——, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994) (quoting Model Penal Code § 2.02(2)(c) (1985)).

■ It is true that Stone–El alleges that he personally spoke to Fairman and Carey regarding the conditions at the CCJ. As we have already explained, however, none of the defendants, including Sheahan, could bypass the Cook County Board and single-handedly appropriate funds to improve the conditions at the CCJ. Even if the defendants allegedly knew of the conditions in which Stone–El resided, that alleged knowledge does not amount to deliberate indifference where the defendants cannot alleviate the conditions. *See Houston*, 62 F.3d at 903; *Watson v. Sheahan*, No. 93 C 6671, 1994 WL 130759, at *3 (N.D.Ill. April 14, 1994) ("[B]oth the Sheriff and the Executive Director are unquestionably chargeable with knowledge of the adverse conditions, but they cannot be said—given the limitations on their power—to have 'acquiesced' in them."); *Jones v. Sheahan*, No. 93 C 2287, 1993 WL 147480, at *2 (N.D.Ill. May 6, 1993) ("[T]he Sheriff, though . . . responsible by statute for operation of the County Jail, [is] inherently limited by the funds and facilities . . . made available to him by those controlling the purse strings."). Accordingly, we conclude that the plaintiff has failed to sufficiently allege the subjective component of unconstitutional punishment.

■ Furthermore, the plaintiff has not alleged conditions serious enough to violate the objective component. Conditions of confinement implicate the Constitution if they fail to meet "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). However, pretrial detainees "cannot expect the amenities, conveniences and services of a good hotel." *Har-ris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988). In *Harris*, the prison conditions did not violate the objective component where the prisoner did not receive toilet paper for five days, did not receive soap, toothpaste, and a toothbrush for ten days, and was housed in a filthy, roach-infested cell. *Id.* at 1234, 1236.

The plaintiff first alleges that, for some time, he slept on the floor without a mattress, and that the prison was noisy. Without more, these conditions are not sufficiently serious to implicate the Constitution. *See Landfair v. Sheahan*, 878 F.Supp. 1106, 1112 (N.D.Ill.1995); *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir.1994).

Next, Stone–El claims that a lack of showers, toilet paper, and clothing changes, in addition to dirty showers and restrooms, spoiled his personal hygiene. Specifically, the plaintiff complains that he was unable to shower upon his arrival at the CCJ, Complaint at 2, "often times" had no toilet paper, Complaint at 5–6, and received "little or no clothing changes," Complaint at 5. Stone–El did, however, receive two clothing changes before September 1992, and apparently did receive further clothing changes after contacting his attorney. Complaint at 4. In light of the personal hygiene conditions that have been upheld by the Seventh Circuit, *see Harris*, 839 F.2d at 1234, 1236, we hold that Stone–El's allegations do not meet the objective component of an unconstitutional conditions claim. *See Chavis v. Fairman*, No. 92 C 7490, 1994 WL 55719, at *5 (N.D.Ill. Feb. 22, 1994), *aff'd*, 51 F.3d 275 (7th Cir.1995).

■ Third, the plaintiff claims that he saw vermin in the CCJ. However, "[k]eeping vermin under control in jails, prisons and other large institutions is a monumental task," *Chavis*, 1994 WL 55719, at *4 (quoting *Bowden v. Fairman*, No. 92 C 7613, 1992 WL 366905 (N.D.Ill. Dec. 2, 1992), and absent deliberate indifference, such a condition does not violate the Due Process Clause.

Fourth, Stone–El alleges that the ventilation at the CCJ was poor. The plaintiff fails, however, to allege any harm caused by the poor ventilation at the CCJ. This absence of injury demands that we dismiss this claim.

*Williams v. Sheahan,* No. 93 C 3738, 1993 WL 376218, at *6 (N.D.Ill. Sept. 22, 1993).

 Next, the plaintiff complains that he received insufficient opportunities to exercise. Stone–El alleges that he received a "recreation period" four times between July 1992 and June 1993. Complaint "Memorandum" at 3. Lack of exercise may violate the objective component "[w]here movement is denied and muscles are allowed to atrophy, the health of the individual is threatened and the state's constitutional obligations is compromised." *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir.1985), *cert. denied,* 479 U.S. 817, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986). However, "even dramatic restrictions on outdoor exercise do not violate ... due process ... so long as prisoners have ample opportunity to enjoy indoor activity." *Chavis,* 1994 WL 55719, at *5. Here, Stone–El wholly fails to allege any adverse health effects from the purported lack of exercise, and certainly does not assert that his muscles atrophied. We must conclude that the plaintiff has failed to allege a sufficiently serious lack of exercise.

Stone–El's next claim is that there was inadequate security, which permitted gangs to "intimidat[e]" him. Complaint at 5. The plaintiff fails, however, to allege any injury resulting from the purported intimidation he felt from the gangs. *Wilson,* 878 F.Supp. at 1168. We conclude that this claim fails to violate the objective component of unconstitutional punishment.

Finally, the plaintiff alleges that he was housed in proximity to a pretrial detainee with HIV, and another with tuberculosis. Stone–El also complains that the CCJ's floor tiles contain asbestos. However, Stone–El does not claim that he contracted, or will contract, any disease as a result of the conditions at the CCJ. Accordingly, we dismiss this claim for failing to allege an injury that violates the Constitution. *Chavis,* 1994 WL 55719, at *4.

In conclusion, we conclude that the plaintiff has failed to allege that the defendants caused the conditions at the CCJ in either their individual or official capacities, and that the plaintiff has failed to allege the subjective and objective components of unconstitutional punishment. We dismiss the complaint in its entirety.

## IV. Conclusion

For the reasons set forth above, the defendants' motion to dismiss the complaint is granted. It is so ordered.