Albert **LANDFAIR**, Plaintiff,

v.

Michael **SHEAHAN**, et al., Defendants.

No. 94 C 1336.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 27, 1995.

Albert Landfair, Mt. Sterling, IL, pro se.

Patrick Malone Blanchard, State's Attorney of Cook County, Chicago, IL, Terry L. McDonald, Cook County State's Attorney, Chicago, IL, for Michael L. Sheahan, J.W. Fairman, Ernesto Velasco, Mrs. Flood, Paramedic, Officer Hauser, 1600–2400.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff Albert Landfair brings this 1983 action against Michael Sheahan, Sheriff of Cook County, J.W. Fairman, Executive Director of the Cook County Department of Corrections, and Ernesto Velasco, Superintendent of Cook County Jail.[1] Although two of Plaintiff's claims survived a motion to dismiss, see Landfair v. Sheahan, 878 F.Supp. 1106 (N.D.Ill.1995), Landfair now faces a motion for summary judgment on the remaining claims of his complaint. For the reasons set forth below, the defendants' motion for summary judgment is granted.

### I. Background

We briefly summarize the relevant facts. The plaintiff was housed at the Cook County Jail ("CCJ") from November 4, 1993 to May 20, 1994, after which time he was transferred to a permanent facility to serve out his felony conviction. During the first part of his stay at the CCJ he was assigned to Division V Tier 1–A, and then later moved to Division V Tier 1–K. He claims that because of overcrowding at the facility, he was housed with two other inmates and forced to sleep on the floor, and that he contracted meningitis due to this arrangement. Landfair also contends that the defendants failed to provide him with the constitutionally required minima of personal hygienic supplies. He therefore brought this civil rights complaint against his custodians under 42 U.S.C. § 1983, alleging violations of his due process rights.

---

1. Officer Yvette Houser and Paramedic Marla Flood were originally named in the complaint as well, but the only claims against them have been dismissed.

## II. Summary Judgment Standard

A motion for summary judgment will be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of identifying "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(c)). Once the moving party has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings; rather, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir.1995) (non-movant "must come forward with evidence of a genuine factual dispute"). In deciding a motion for summary judgment the facts must be read in a light most favorable to the non-moving party. *Cuddington v. Northern Ind. Public Serv. Corp.*, 33 F.3d 813, 815 (7th Cir.1994). Nonetheless, conclusory allegations by the non-movant cannot defeat a properly supported motion for summary judgment. *Smith*, 60 F.3d at 320.

## III. Discussion

Conditions of confinement claims brought by pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1871–72, 60 L.Ed.2d 447 (1979). To prevail on a conditions of confinement claim, a pretrial detainee must demonstrate (1) that prison officials acted with deliberate indifference, and (2) that the alleged deprivations were sufficiently serious to offend the Due Process Clause.

*Hines v. Sheahan*, 845 F.Supp. 1265, 1267 (N.D.Ill.1994). This latter requirement—the "objective" prong—is similar to the level of seriousness required of Eighth Amendment claims, and thus Eighth Amendment jurisprudence informs our evaluation of due process claims raised by pretrial detainees. *See Zarnes v. Rhodes*, 64 F.3d 285, 289–90 (7th Cir.1995).

Defendants argue that summary judgment is appropriate on both of Plaintiff's remaining claims because (1) there is no indication that Landfair actually contracted meningitis, and (2) the evidence demonstrates that he was provided an adequate amount of toiletries and supplies during his stay at the CCJ. In support of their first contention, the defendants produce an affidavit from Dr. John May, a Senior Staff Physician at Cermak Health Services of Cook County, the medical institution responsible for the medical care of pretrial detainees at the CCJ. According to Dr. May, Landfair's medical records indicate that he was never diagnosed with meningitis or treated for meningitis symptoms while at the CCJ. Defendants' 12(M), Ex. D, ¶¶ 3–4. By putting forward this evidence, Defendants have shifted to Plaintiff the burden of "set[ting] forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).[2] However, the plaintiff has not set forth specific facts showing that he did actually contract meningitis. Instead, he submits copies of several newspaper articles that report about another detainee at the CCJ (Mr. Willie Allen) being transferred to Cook County Hospital in October 1993 because of meningitis-like symptoms, and of efforts by the CCJ to quarantine and treat with antibiotics all inmates and CCJ personnel on Allen's tier. In addition to not providing any evidence that Landfair himself contracted meningitis, these articles also go on to report that Allen did not have meningitis after all. These submissions do not create a genuine issue of material fact as to any injury Landfair may have suffered because of sleeping on the floor, and thus

---

2. Plaintiff tries to avoid this burden by questioning the validity of the affidavits submitted by Defendants, yet he fails to raise any reasonable grounds for his suspicion. At bottom, he contends that the affidavits should not be trusted because they are unchallenged and uncrossed.

Landfair is correct in his observation that no admissible evidence contradicts the affidavits. However, it was his job to produce such evidence, and his failure to do so dooms the unsupported allegations in his complaint.

summary judgment should be entered for the defendants on this claim.

In their challenge to the plaintiff's claim that he did not receive enough supplies, the defendants submit the affidavits of a Cook County Department of Corrections investigator and a CCJ Officer, both of whom examined records and logs made during Landfair's assignment to Division V. These records indicate that Landfair's tier received various clothing changes and supplies from the clothing room on at least twenty days between November 16, 1993 and February 5, 1994. In addition, the commander logs show that personal items, supplies, and clothing were distributed on nineteen days between February 5, 1994 and May 17, 1994. Plaintiff, on the other hand, has failed to present any admissible evidence to support his contention that inadequate supplies were provided. While the delivery of toiletries and clothing changes memorialized in these records does not strike us as luxurious, we have no problem concluding from this evidence that the level of services provided to CCJ detainees was satisfactory under the Constitution. *See Lunsford v. Bennett,* 17 F.3d 1574, 1579–80 (7th Cir.1994); *Harris v. Fleming,* 839 F.2d 1232, 1235–36 (7th Cir. 1988). Accordingly, as we find that the plaintiff has failed to introduce sufficient evidence to create a genuine issue of material fact as to the severity of any conditions at the CCJ,[3] and the defendants are entitled to judgment as a matter of law, we grant Defendants' motion for summary judgment.

### IV. Conclusion

For the reasons set forth above, Defendants' motion for summary judgment is granted. It is so ordered.

---

**3.** Moreover, the plaintiff cannot satisfy the subjective component of a conditions of confinement claim, since he does not maintain that the defendants ordered these conditions as a measure of punishment, but rather, that they were aware of the overcrowding at the facility and failed to correct it. However, Sheahan and the other defendants did not design the jail, they do not have the ability to build a larger facility, and they cannot control the number of people assigned to their custody. Thus, because the defendants cannot do anything about the overcrowding that caused the alleged inadequacy of supplies or the sleeping arrangements at the CCJ, Plaintiff cannot maintain a § 1983 claim against them. *Houston v. Sheahan,* 62 F.3d 902, 903 (7th Cir. 1995); *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992).