**Kevin L. NEAL, Plaintiff,**

v.

**Dwayne CLARK, et al., Defendants.**

**No. 95 C 4400.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 21, 1996.

Kevin L. Neal, Joliet, IL, pro se.

Diann Karen Marsalek, Susan Takata O'Leary, Illinois Attorney General's Office, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants' Keith Cooper's ("Cooper") and Edward Handy's ("Handy") (collectively, "defendants") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). For the reasons that follow, the court grants defendants' motion for summary judgment.

## I. BACKGROUND

Neal filed a second amended complaint under 42 U.S.C. § 1983, alleging that Handy and Cooper violated Neal's constitutional rights by keeping Neal in a cell with non-functioning plumbing for 20 days. Specifically, Neal alleged that on March 31, 1995, he was assigned to cell 414 in the west segregation block at Joliet Correctional Center. The cell had no hot water; the water in the toilet ran continuously; and Neal had to use a plunger to move waste out of the toilet bowl. Although Neal complained about these conditions, and on April 12, 1995, sent a letter about his cell conditions to Cooper, the prison warden, he was not moved to a different cell until April 20, 1995.

Cooper and Handy have moved for summary judgment on Neal's claim, contending that the conditions of Neal's cell were not so egregious that they rose to the level of cruel and unusual punishment; and that Cooper and Handy had no personal involvement in the conditions of Neal's cell, and so did not inflict unconstitutional punishment upon Neal.

## II. DISCUSSION

### A. Standard for deciding a motion for summary judgment

A motion for summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

FED.R.CIV.P. 56(c). The burden is on the moving party to show that no genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the moving party presents a *prima facie* showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in its pleadings but must set forth specific facts showing that a genuine issue for trial exists. *Anderson,* 477 U.S. at 256–57, 106 S.Ct. at 2514; *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Schroeder v. Lufthansa German Airlines,* 875 F.2d 613, 620 (7th Cir.1989). All reasonable factual inferences must be viewed in favor of the non-moving party. *Holland v. Jefferson Natl. Life Ins. Co.,* 883 F.2d 1307, 1312 (7th Cir. 1989).

### B. Whether the conditions of Neal's cell violated his constitutional rights

Neal claims that defendants subjected him to punishment in violation of the Eighth Amendment because of the conditions of the cell in which they kept him for three weeks. An inmate's claim that prison officials inflicted cruel and unusual punishment on him because of the conditions of his confinement has both an objective component and subjective component. First, the claimed deprivation must be sufficiently serious to constitute a constitutional violation—the objective component. *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). Second, the defendants must have acted with a sufficiently culpable state of mind—the subjective component. *Hudson,* 503 U.S. at 8, 112 S.Ct. at 999; *Wilson,* 501 U.S. at 298, 111 S.Ct. at 2324. The inmate must establish both elements to succeed on his claim. *See Hudson,* 503 U.S. at 8, 112 S.Ct. at 999; *Wilson,* 501 U.S. at 298, 111 S.Ct. at 2324.

"[P]rison officials have a responsibility to provide inmates with [the] minima of

shelter, sanitation and utilities—basic necessities of civilized life." *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir.1989) (citing *Harris v. Fleming*, 839 F.2d 1232, 1235 n. 4 (7th Cir.1988) (citing *Ramos v. Lamm*, 639 F.2d 559 (10th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981)); *Wells v. Franzen*, 777 F.2d 1258, 1264 (7th Cir.1985)). To amount to a constitutional violation, conditions of confinement must result in "extreme deprivations" of these necessities. *Hudson*, 503 U.S. at 8–9, 112 S.Ct. at 1000. "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' ... 'only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *Wilson*, 501 U.S. at 298, 111 S.Ct. at 2324 (quoting *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399)).

In reviewing Neal's claim, the court considers the totality of the conditions of Neal's confinement to determine whether he has been deprived of basic human needs. *See Johnson*, 891 F.2d at 138 (citing *French v. Owens*, 777 F.2d 1250, 1252 (7th Cir.1985), *cert. denied*, 479 U.S. 817, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986)). The following facts regarding the conditions of Neal's confinement are uncontested.

In his deposition, Neal acknowledges that he had his toiletries from the time he arrived in segregation. (Neal Dep. at 6.) Neal had running cold water in his cell, and was able to brush his teeth and wash with the cold water. (*Id.* at 8, 9, 19.) Neal was able to take showers, with hot and cold water, twice a week while he was assigned to cell 414. (*Id.* at 10, 14.) Neal was given regular meals, served with coffee and juice or other cold liquids, and was permitted to go outside to the yard, though he chose not to. (*Id.* at 15–16.)

The water in the toilet in cell 414 ran constantly, and did not leave the bowl when Neal flushed it. (*Id.* at 8.) On his first day in segregation, Neal told a correctional officer about the toilet problem, and the next day the officer gave Neal a plunger for the toilet. (*Id.* at 18.) Neal was allowed to keep and use the plunger during the rest of his stay in cell 414. (*Id.* at 18–19.) The continuously dripping water in the toilet caused Neal mental and emotional distress by wearing on his tolerance, patience, and endurance. (*Id.* at 22.)

The correctional plumber who inspected Neal's cell found the toilet and sink to be operable but not working at their full capacity. (Aff. of Robert Lepper ¶ 2.) He determined that a new faucet and toilet needed to be ordered. (*Id.* ¶¶ 2, 3.) The plumber asked Neal if he would prefer to have the hot or cold water running. (*Id.* ¶ 3.) The hot water would have been no hotter than 110 degrees. (*Id.*) Neal told him to leave the cold water on. (*Id.*)

Courts have consistently rejected conditions of confinement claims involving substantially worse conditions than Neal describes. *See, e.g., Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988) (being deprived of toilet paper for five days; not provided with soap, toothpaste, or a toothbrush for 10 days; and kept in a filthy, roach-infested cell for 28 days does not violate the constitution, where the conditions were temporary and affected only one prisoner, and the affected inmate suffered no physical harm); *Lock v. Clark*, No. S90–327 (RDP), 1992 WL 559660, *9 (N.D.Ind. Mar. 17, 1992) (prisoner who, for seven days, was deprived of all personal property, including soap and hygienic items; was not permitted to take a shower; was confined to a strip cell; was given only one and a half rolls of toilet paper; and was left to wear nothing but his undershorts was not denied "the minimal civilized measures of life's necessities"); *Stone–El v. Sheahan*, 914 F.Supp. 202, 206 (N.D.Ill.1995) (jail inmate who was subjected to such conditions as having to sleep on the floor without a mattress; frequently having no toilet paper; receiving only two clothing changes in two months; seeing rats in the jail; and having poor ventilation at the jail failed to allege conditions egregious enough to constitute unconstitutional punishment).

Neal was not deprived of basic human needs during his stay in cell 414. Rather, he was subjected to inconvenience and, at the

most, discomfort for a period of no more than 20 days. Neal was able to brush his teeth, wash, take showers, and use the toilet. He chose to have cold rather than hot water in his cell. He was given meals and liquids, and was permitted to go outside. Most importantly, Neal suffered no physical harm, but simply was subjected to temporary conditions that wore on his patience, tolerance, and endurance.

Neal has failed to show that a genuine issue of material fact exists as to whether the conditions of cell 414 to which he was subjected resulted in more than inconvenience and discomfort; they did not. *Cf. Caldwell v. Miller,* 790 F.2d 589, 601 (7th Cir.1986) (affirming summary judgment against prisoner where prisoner failed to raise a genuine issue of material fact as to whether the exercise restrictions he challenged resulted in more than inconvenience and discomfort). Thus, the court finds that the conditions of Neal's confinement were not sufficiently egregious to approach the level of unconstitutional punishment.

Since Neal has failed to establish the objective component of his claim, the court need not address whether Cooper and Handy possessed the requisite state of mind to have inflicted punishment on Neal.

Accordingly, the court finds that Cooper and Handy did not violate Neal's constitutional right to be free from cruel and unusual punishment, and grants summary judgment in their favor.

### III. *CONCLUSION*

For the foregoing reasons, the court grants defendants' motion for summary judgment, and enters judgment against plaintiff Neal and in favor of defendants Cooper and Handy.