**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted March 8, 2007[*]
Decided March 12, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-3478

| | |
|---|---|
| CHRIS J. JACOBS III,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>MATTHEW J. FRANK, Secretary,<br>    *Defendant-Appellee*. | Appeal from the United States District<br>Court for the Eastern District of<br>Wisconsin<br><br>No. 04 C 725<br><br>Rudolph T. Randa,<br>*Chief Judge*. |

**O R D E R**

In this action under 42 U.S.C. § 1983, Wisconsin inmate Chris Jacobs principally alleged that he wasn't getting enough food and that his weight had dropped to 190 pounds, nearly 60 pounds less than what he weighed in 1998 before he went to prison. Jacobs also alleged that his access to his legal materials had been impeded and that he suffered retaliation for filing grievances and lawsuits. He sought only injunctive relief and named as the sole defendant the Secretary of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the Department of Corrections.  The district court invited Jacobs to add defendants other than the Secretary, but Jacobs added no one else when he amended his complaint.  After two years of litigation, the court granted summary judgment for the Secretary, and Jacobs appeals.  We affirm the judgment, but our reasons differ from those given by the district court.

At summary judgment Jacobs submitted an unsworn statement but no admissible evidence, so we accept as uncontested the statement of facts submitted by the Secretary with his motion.  *See* E.D. Wis. L. R. 56.2; *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).  The Secretary did not deny Jacobs nutritionally adequate food or prevent him from accessing his legal materials or retaliate for his use of the grievance system and courts.  It is not DOC policy to deprive inmates of nutritionally adequate food or to hinder their access to legal materials or to retaliate when they complain about prison conditions.  The Secretary, moreover, was not personally involved in responding to the various grievances and administrative appeals submitted by Jacobs.  It follows, the district court reasoned, that summary judgment for the Secretary is warranted because he did not participate in the underlying events and there is no evidence that the alleged constitutional violations resulted from a DOC custom or policy.  The court also concluded, regardless, that Jacobs was not entitled to injunctive relief because he was moved to a different prison after filing his complaint.

We cannot agree with the district court's reasoning.  If this was a damages action the Secretary's lack of personal involvement would be conclusive, *see Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), but since Jacobs sought only injunctive relief it is irrelevant whether the Secretary participated in the alleged violations, *see Houston v. Sheahan*, 62 F.3d 902, 903 (7th Cir. 1995); *Ogden v. U.S.*, 758 F.2d 1168, 1177 (7th Cir. 1985).  And while it is clear that enjoining the Secretary would be *appropriate* to remedy a deprivation that resulted from an official policy or custom, *see Hafer v. Melo*, 502 U.S. 21, 25-26 (1991), we have not yet decided whether an underlying policy or custom is *essential* when the relief requested is limited to injunctive relief, *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 468 (7th Cir. 2001).  *Compare Dirrane v. Brookline Police Dep't*, 315 F.3d 65, 71 (1st Cir. 2002); *Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 n.6 (4th Cir. 1995); *Church v. City of Huntsville*, 30 F.3d 1332, 1347 (11th Cir. 1994); *and Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989), *with Chaloux v. Killeen*, 886 F.2d 247, 250 (9th Cir. 1989).  Morever, as Jacobs correctly observes, his transfer to a different facility did not moot his demand for injunctive relief because he alleged in his complaint that the deprivations occurred over time in more than one facility, which makes the Secretary an appropriate defendant.  *See Lehn v. Holmes*, 364 F.3d 862, 871-72 (7th Cir. 2004).

Nonetheless, our review of a grant of summary judgment is *de novo*, *Koszola v. Bd. of Educ. of Chi.*, 385 F.3d 1104, 1107 (7th Cir. 2004), and we may affirm on any basis fairly supported by the record, *Cygan v. Wis. Dep't of Corr.*, 388 F.3d 1092, 1098 (7th Cir. 2004). In this case the district court focused on Jacobs's choice of defendant and the availability of the relief he sought, but these concerns do not matter unless there was a constitutional violation. And Jacobs submitted no evidence that there was. In order to defeat a motion for summary judgment, a plaintiff must do more than rest on his pleadings; he must adduce evidence setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The plaintiff "retains the burden of producing enough evidence to support a reasonable jury verdict in his favor." *Lawrence v. Kenosha County*, 391 F.3d 837, 842 (7th Cir. 2004). Failure to do so will result in the entry of summary judgment. Fed. R. Civ. P. 56(c), (e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Jacobs responded to the motion for summary judgment, but the statement he submitted was not made under oath. Neither did he swear to his amended complaint. And since he produced nothing else at summary judgment, there simply is no evidence in the record to support his allegations. For that reason it was appropriate to grant summary judgment for the Secretary. *See Celotex*, 477 U.S. at 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). We add, however, that we have read the statement Jacobs submitted at summary judgment plus other documents he attached to prior filings. They do not support his contention that his prison diet is inadequate, which is the claim at the center of this case. An inmate must be given sufficient, nutritionally adequate food, *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996), but Jacobs by his own account has weighed between 190 and 200 pounds since November 2003. His weight, according to a letter Jacobs received from a prison nurse and forwarded to the district court, is at the top of the 150- to 190-pound range appropriate for a man of his height. What Jacobs really contends is that the DOC is obligated to feed him enough to maintain his pre-incarceration weight of 250 pounds, but there is nothing in the record suggesting that his current weight presents a risk to his health.

AFFIRMED.